UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN ALLEN,

   Plaintiff,

vs.                                                                                      No. 04-1295

MIKE MCCOY, et al

   Defendants

### ORDER

This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The pro se plaintiff appeared by video conference

The plaintiff has filed his lawsuit pursuant to 42 U.S.C. §1983 against four defendants including Peoria County Sheriff Mike McCoy; Peoria County Jail Superintendent Steve Smith; Jail Officers Tanya Gibbs and Jeffery Gualandi; and Peoria County Police Detective Fisher.

The plaintiff first asked the court to delay the merit review in order to allow him to obtain counsel. The plaintiff's request was denied. The plaintiff also asked for a court order directing the Department of Corrections to provide him with a paralegal to assist in his case. The court informed the plaintiff that it could not enter an order directing a non-lawyer to provide legal assistance, nor could it force the Department of Corrections to provide extra legal help for one inmate.

The plaintiff then reviewed his claims with the court. The plaintiff says while he was a pre-trial detainee, he was asked to provide information to Detective Fisher concerning another case. The plaintiff says it was clearly designated on jail records that he was not to be placed with the general population for the plaintiff's safety. However, the plaintiff says jail staff intentionally allowed other inmates into the day room with the plaintiff. The plaintiff says he was severely beaten on August 12, 2002, and received permenant damage to his eye as well as hearing loss and a fractured shoulder. The court found that the plaintiff had adequately alleged a violation of his fourteen amendment rights against the named defendants.

The plaintiff's complaint also made reference to a conspiracy. However, the plaintiff stated that he does not believed the defendants planned the attack or plotted to allow the attack.

In addition, the plaintiff has not stated a violation of his equal protection rights.   A person bringing a action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." <u>Huebschen v. Dept. of Health and Social Serv.</u>, 716 F.2d 1167, 1171 (7th Cir. 1983).

The plaintiff has also filed a motion asking to waive the initial partial payment. [d/e 7] The plaintiff states that he cannot pay the $6.61 fee and has no money in his trust fund account. The plaintiff's motion is granted.   The plaintiff will be allowed to proceed in forma pauperis without payment of an initial partial filing fee.   A scheduling order will be entered.

IT IS THEREFORE ORDERED that:

1) The plaintiff has adequately alleged that the defendants violated his Fourteenth Amendment rights when they were deliberately indifferent to his health and safety when he was a pretrial detainee.

2) All other intended claims are dismissed for failure to state a claim upon which relief can be granted.

3) The plaintiff's motion to waive the initial partial payment is granted. [d/e 7].   A scheduling order shall be entered.

Entered this 29th day of October, 2004.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE