E-FILED

Monday, 01 November, 2004 03:34:35 PM
Clerk, U.S. District Court, ILCD

FILED

NOV 0 1 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

JOHN E. ALLEN SR  PRO-'se )
      **Plaintiff**     )
       )
**vs.**       ) Case No. _04-1295_
       )
MIKE, MCCOY (Sheriff)    )
STEVE SMITH (Jail sup.)    )
Det. Fisher (Detective)    )
TANYA GIBBS, JEFFREY GualandI   )
      **Defendant(s)**    )

## COMPLAINT

☑ 42 U.S.C. §1983 (suit against state officials for constitutional violations)

☐ 28 U.S.C. § 1331 (suit against federal officials for constitutional violations)

☐ Other

_____

—

*Please note: This form has been created for prisoners but can be adapted for use by non-prisoners.*

Now comes the plaintiff, _JOHN E. ALLEN SR._ , and states as follows:

My current address is: _P.O. BX 99  PonTiac ILL. 61764_
_PonTiac CorR CTr._

The defendant _JEFFREY GualandI_ , is employed as _COUNTY Jail offICeR_
       at _Peoria Co. Jail_

The defendant _MIKE MCCOY_ , is employed as _SheriFF_
       at _Peoria Co. Jail_

THE DEFENDENT % JEFFREY GUALANDI _____ COUNTY Jail OFFICER
AT: Peoria Co. Jail

The defendant *STeVe smiTH*, is employed as *Jail SuperinTendenT* _____ at *Peoria Co. Jail*

The defendant *DeT. FisheR*, is employed as *DeTecTiVE* _____ at *Peoria CO. Jail*

(revised 9/96)

The defendant *TANYA GiBBS*, is employed as *COUNTY OFFiCeR* _____ at *Peoria Co. Jail*

Additional defendants and addresses _____

For additional plaintiffs or defendants, provide the information in the same format as

above on a separate page.

## LITIGATION HISTORY

A. Have you brought any other lawsuits in state or federal court dealing with the same

facts involved in this case?                 Yes        ▢       No  ☑

If yes, please describe

_____

_____

_____

B. Have you brought any other lawsuits in state or federal court while incarcerated?

                                    Yes        ▢       No  ☑

C. If your answer to B is yes, how many? _____ Describe the lawsuit in the space

below. (If there is more than one lawsuit, describe the additional lawsuits on another

piece of paper using the same outline.)

1. Parties to previous lawsuit: *NONE*

   Plaintiff(s) _____

   Defendant(s) _____

   _____

2. Court (if federal court, give name of district; if state court, give name of county)

3. Docket Number/Judge

_____ None_____

4. Basic claim made

_____ None_____

5. Disposition (That is, how did the case end. Was the case dismissed? Was it

appealed? Is it       still pending?)

_____ None_____

6. Approximate date of filing of

lawsuit_____ None_____

7. Approximate date of disposition

_____ None_____

For additional cases, provide the above information in the same format on a separate

page. None

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Is there a grievance procedure available at your institution?   Yes  ☒   No  ☐

B. Have you filed a grievance concerning the facts relating to this complaint?   Yes  ☒

No  ☐   If your answer is no, explain why not

Plaintiff Seeks Monitary, Punative, Compensatory Damages
No Relief Avalible At Peoria County Jail

_____

C. Is the grievance process completed?   Yes  ☒   No  ☐

   *PLEASE NOTE:  THE PRISON LITIGATION REFORM ACT BARS ANY*

# NOTICE OF FILING

Please TAKE NOTICE THAT, I, JOHN ALLEN B00298 A INMATE AT THE Pontiac CORR. CTR, P.O. BX 99, Pontiac, ILL. 61764 HAVE Sent THE Following Complaint & Documents TO THE Following By U.S. mail from THE PonTiac CORR. CTR.on 8— Livingston County. IN

TO! THE U.S. DiSTRICT COURT OF THE CenTral DISTRICT; 600 E. MONROE ST.
151 Federal COURT Building
SpringField, IL. 62701

**TO**! STEVE SMITH ( Jail Sup.)
Peoria, CO. Jail
301 MAX well RD.
Peoria IL. 61604

**TO**! JEFFREy GualanDi (COUNTY OFFICER)
Peoria CO. Jail
301 MAX well RD.
Peoria IL. 61604

**TO**! miKE mccoy (SheriFF)
Peoria, CO. Jail
301 MAX well RD.
Peoria, ILL. 61604

**TO**! DeTect. Fisher ( COUNTY DETECTIVE)
Peoria CO. Jail
301 MAXwell RD.
Peoria, IL. 61604

**TO**! TANYA GiBBS ( COUNTY OFFICER )
Peoria CO. Jail
301 MAX well RD.
Peoria, ILL. 61604

I FURTHER DeclARE, UNDER THE penalTy OF PURJURY, THAT I, JOHN AllEN SR. B00298 HAVE serveD THESE Documents TO THE ABOUE, THAT THiS AFFiDauiT IS ATTATcheD AND THAT All INFORMATION IS TRUE AND CORRECT WITH THE proper RequireD U.S. POSTAGE. AT THE PONTIAC CORR.CTR. on _August_ ,

JOHN AllEN SR. B00298
P.O. BX 99
PonTiac. CORR. CTR.
Pontiac, IL. 61764

AFF: _John allen Sr. B00298_
WITT! _Jerry Bailey A90818_

1.of.1.

UNITED STATES DISTRICT COURT
Central DISTRICT OF ILLININOS

Pro'se

JOHN E. AllEN SR. B00298
P.O. BX 99
Pontiac, Ill. 61764

Pontiac CORR. CTR.

V.
    DEFENDENTS:
Mike MCCOY, (P. C. Shrf.)
    ET. AL,

CASE NO.

Please TAKE Notice THAT ON JULY
_____, 2004 I HAVE Filed WITH
THE u.s. mail THRough THE Pontiac
CORRectional CENTER THE Following
Documents, properly ADDRessed TO
THE Below...
_____ A Civil RightS ACT
PETITION 42 u.s.c. Sec. 1983 WITH
THE u.s. DISTRICT COURT, IN. Peoria Co.

## Proof OF SERViCE CERTI CATE

TO: ClerK OF THE uniTED STATES CentRal DISTRICT COURT
    ClerK OF THE COURT! 301 Federal Building
                        100 N.E. MONROE
                        Peoria, Ill. 61602

TO: Mike MCCOY, STEve SMITH, DetectivE FisheR, TanyA
    GiBBS, JeffRey GualanDI.
            Peoria CO. Jail
            301 MAX Well RD.
            Peoria, IL. 61604

I FUTHER declare, unDER penalTy OF PerjuRY, THAT I AM
THE plaintiff IN THE ABOUE action, THAT I HAVE Read THE ABOUE
documents, and THAT THE INFORMATION ContaineD THerein IS
TRUE AND CORRECT. 28 USC 1746 AND 18 USC 1621.

DATE! July, 31  2004

NOTARY:

            John E. allen Sr. B00298
            P. O. BX 99
            Pontiac Ill. 61764
            Pontiac. CORR. CTR.

1 of 1

July, 28, 04

# AFFIDAVIT

I, Inmate John E. allen Sr. after first duly Sworn deposes and avers that the following statements is true, accurate, and to the best of my knowledge.

1. That I have Contacted the Big muddy, Henry Hill Correctional centers by V.I.A., U.S. Postage Several times in the last 30 days attempting to aquire my trust fund accounts print outs from the months of Jan. 2004 to June 23, 2004 and have not been sucessful.

I now petition the U.S. District Court to order those Cor Centers to order them for Civil proceedings.

2. That I have also sent several request forms to my Parent institutions and have not been sucessful in recieving my trust fund account sheet for the months of June 04 and July 04 and have petitioned the Distric U.S. court to order them.

3. I further admitt that I am a poor person with no bank accounts, cars, property ect. and is now a ward of the state under the I.D.O.C. I have no assets at all in the free world.

I now declare under the penalty of Perjury that all of the above is true to the best of my knowledge...

Respectfully Submitted,

John E. allen Sr. R00298

Pontiac Cor. Ctr. P.O. Bx 99
Pontiac Ill. 61764

notary:

SUBSCRIBED AND SWORN TO BEFORE
ME ON THIS 6ᵗʰ DAY OF Aug, 2004

NOTARY PUBLIC

"OFFICIAL SEAL"
Paula G. Rich
Notary Public, State of Illinois
My Commission Exp. 04/24/2005

1 of 1

# UNITED STATES DISTRICT COURT

## Central District of Illinois

JOHN ALLEN SR. B00298
pro'se
Pontiac, CORR. CTR.

DKT.

V.

mike mccoy
DEFENDENTS
ET. AL)

## MOTION TO PRODUCE TRUST FUND DOCUMENTS

Now comes this plaintiff JOHN ALLEN SR. pro'se Humbly Ask this Honorable Court to order the Following WARDENS of the Following I.D.O.C. INSTITUTIONS to produce the following for 6 mos.

(1). Big muddy River WARDEN AND TRUST FUND OFFICE To produce TRUST FUND Sheets For this plaintiff For the Months of Jan. 2004 to Feb. 2004

(2) Hill CORR. CTR. To produce TRUST FUND Balance Sheets For the months of March 2004 To June 2004.

(3) Pontiac CORR CTR. To produce TRUST FUND Balance Sheets For the months of June, 2004 to July, 2004

This plaintiff HAS written to Each TRUST FUND OFFICE IN THE Above CORR. CTRS. FOR THE last 30 Days AND IS unable To get These CORR. CTRS To Forward Such Documents so This plaintiff May proceed with Court Proceeding.

(4). This plaintiff/INMATE swears under the penalty of PURJURY THAT HE HAS Been unable To get these Documents By UIA, U.S. mail/Letters/Request ect.

This plaintiff Now prays This Honorable Court will order These Documents to Proceed with the plaintiffs Litigation....

Respectfully Submitted,

Inmate John allen Sr.
Pontiac Corr Ctr.

1 of 1

JOHN E. ALLEN SR.
                    pro'se
        V.

MIKE McCOY, ShrF.
                ET. AL.,
                RESPONDENT

DKT. _____

## Plaintiffs First Set of
## Interrogatories

Now comes, JOHN E. ALLEN SR. pro'se with His First
Set of Interrogatories.

(1.) Defendent McCoy, Did'nt This plaintiff Inform you numerous
times By Letter, Request Forms That He was Haveing numerous problems
At The Peoria Co. Jail Concerning Information He supposingly HAD passed
on to City Detectives Lettbetter, And Det. Nowland, Asst. States Attorney
Nancy Mermestine In which He'd written a letter to her concerning
a murder In which This murder suspect ▉ HAD supposingly given In-
Formation on The murder to This plaintiff?

(2.) Defendent McCoy, Did'nt This plaintiff Also send you letters
By United States mail service About His Issues Fearing For His
Safty/Life In Fear That His many Request And letters written
To you By Request Forms used For Grievance Issues my HAVE Been
Intercepted And Never getting to you or your office, on many occ-
asion letters were mailed out Through The U.S. mail to Reach you?

(3.) Defendent Smith/McCoy Did'nt Detective Lettbetter And
Dectective Nowland of The City Police Dept. Order This
Plaintiff To Be Transported To The Peoria Police Dept. while
In your Custody where The plaintiff was questioned concerning
Information on This murder He supposingly knew About.

(4.) Def. Fisher, ▉▉▉ Did'nt A meeting occur At The Peoria
Co. Jail with you, Lt. Briggs And other County Officers with
This plaintiff In Reguards To His Information on a privious
murder where Asst. States Attny. Nancy Mermestine orders In Hopes of
Getting Testimony/statements From This plaintiff.

2

(5.) (Defendent)
DETECTIVE FISHER, DIDN'T YOU RECIEVE NUMEROUS LETTERS/ REQUEST FORMS FROM THIS PLAINTIFF REQUESTING TO MEET WITH YOU AGAIN AFTER INFORMATION HAD BEEN LEAKED OF THIS PLAINTIFFS LETTER TO ASST. STATES ATTORNEY NANCY MERMESTINE AND HE FEARED HIS SAFTY?

(6.) (Defendent;)
DETECTIVE FISHER, DIDN'T YOU MEET WITH THIS PLAINTIFF ON 8-12-04 ESSCORTING THIS PLAINTIFF UP TO THE RECIEVING AREA OF THE JAIL IN A PRIVATE ROOM WHERE THIS PLAINTIFF BEGGED YOU TO ORDER HIM MOVED BECOUSE OF A FIGHT THAT WAS ABOUT TO OCCUR ON THE H-POD GALLERY/DECK. THE PLAINTIFF WAS WARNED WOULD HAPPEN BY OTHER INMATES WHERE A SUPPOSINGLY HIT BY THE MURDER SUSPECT THIS PLAINTIFF SUPPOSINGLY HAD LEAKED INFORMATION ABOUT HAD PUT OUT ON HIM AND PASSED THE INFORMATION OF THE HIT THROUGH OUT THE JAIL?

(7.) (Defendent)
DETECTIVE FISHER/STEVE SMITH, DIDN'T THIS PLAINTIFF GET BRUTALLY INJURED BY INMATES ON THE H-POD GALLARY SHORTLY AFTER HIS RETURN FROM THE MEETING WITH DET. FISHER ON 8-12-04?

(8.) STEVE SMITH - (DEFENDENT) DIDN'T THIS DETECTIVE FISHER COME TO YOU AND MAKE YOU AWARE OF ~~██████~~ THE PLAINTIFFS FEAR FOR HIS SAFTY AND NEEDED TO BE MOVED BETWEEN THE DATES OF 8-9-02 AND 8-19-02 THE DATE THE PLAINTIFF WAS FORCED TO TAKE A 7½ YR. PLEA AGREEMENT TO GET OUT OF THE JAIL TO INSURE HIS SAFTY BECOUSE NOT ONLY HIS BUT DETECTIVE FISHER, AND HIS COURT APPOINTED ATTORNEYS CRYS TO YOU CONCERNING THIS PLAINTIFFS SAFTY, FELL ON DEATH EARS?

(9.) DEF. SMITH, DIDN'T YOU ALSO ORDER THIS PLAINTIFF TO REMAIN IN THE H-POD/DECK AFTER DET. FISHER MADE YOU AWARE OF THE THREAT PASSED AROUND THE JAIL RATHER THAN MOVE THIS PLAINTIFF?

(10.) DEF. SMITH, DIDN'T YOU FAIL TO PROVIDE SAFTY FOR THIS PLAINTIFF AFTER HIS MANY ATTEMPTS OF EVEN HAVEING HIMSELF PLACED IN A SUICIDAL CELL ON PURPOS?

11) DEF, SMITH, DIDN'T THIS PLAINTIFF NUMEROUS TIMES GO ON HUNGER STRIKES AND even THREATEN TO kill HIMSELF TO GET ATTENTION BROUGHT TO HIS MATTERS?

12) DEF, SMITH, DIDN'T THE PLAINTIFF BE DENIED HIS ATTORNEY CLIENT PHONE CALLS NUMEROUS TIMES AND HIS ATTORNEY HAD TO SPEAK TO THIS PLAINTIFF BY MAIL?

13) DEF, SMITH, DIDN'T THIS PLAINTIFF COMPLAIN AND MEET WITH YOU SEVERAL TIMES CONCERNING HIS SAFETY LONG BEFORE 8-12-02 AND RECORDS WILL SHOW THIS (LETTERS, REQUEST FORMS, CALLS FROM HIS ATTORNEY)?

14) DEF, SMITH, DIDN'T YOU TELL DET. FISHER TO PASS ON TO THIS PLAINTIFFS ATTORNEY ONCE HE WAS MADE AWARE OF THIS PLAIN-TIFFS INJURIES. THAT THE PLAINTIFF WAS FINE AND DID NOT SUFFER ANY MAJOR INJURIES?

15) DEF, SMITH, DIDN'T YOU ORDER DET. FISHER NOT TO MO THIS PLAINTIFF AFTER DET. FISHER MET WITH THIS PLAINTIFF ON 8-12-02?

16. DEF. SMITH & FISHER & MCCOY, DIDN'T ALL THREE OF YOU KNOW ABOUT THE LETTER THIS PLAINTIFF WROTE TO NANCY MURMESTINE CONCERNING A STATEMENT THE PLAINTIFF WOULD GIVE CONCERNING A MURDER YET FAILED TO SECURE HIS SAFTY?

17) DEF, SMITH, DIDN'T YOU AND YOUR JR. STAFF INTERVIEW INMATE TIMOTHY PURDLE AFTER THE INCIDENT ON 8-12-02 TO GET HIS SIDE OF THE STORY BUT NO ONE SPOKE TO THIS AT ALL AS TO WHAT HAPPED?

18) DEF. SMITH, DIDN'T YOU KNOW THAT THIS PLAINTIFF WAS IN NEED OF MEDICAL CARE ON 8-12-02 AT APPROX 6.30 PM YET YOU ALLOWED HIM TO BE THROWN IN A HALLWAY SPECIAL CELL WHERE C/O JEFF DURHAM VICIOUSLY PUSHED THIS PLAINTIFF INSIDE BLEEDING TO DEATH AND IN HANDCUFFS AND ANKLE RESTRAINTS?

AFTER HE'D PASSED OUT, AND AWAKEND HRS. LATER WHERE 9/0
WILLIAMS FOUND THIS PLAINTIFF HALF CONCIENCE DURING SHIFT
CHANGE ALMOST 6 HRS. LATER AFTER THE INCIDENT OCCURED.

(19) DEF. FISHER, DIDN'T THIS PLAINTIFFS ATTORNY MAKE SEVERAL
CALLS TO YOU BEFORE HE REACHED YOU TO INQUIRE ABOUT HIS
CLIENT AND THIS PLAINTIFFS INJURIES?

(20) DEF. MCCOY, & DEF. SMITH, DIDN'T YOU BOTH ORDER THE P.C.J.
MEDICAL UNIT AND ███████ ESSCORTING OFFICERS WHO TOOK THIS
PLAINTIFF TO THE METH. MED. CENTER EMERGENCY ROOM TO ONLY GIVE
THIS PLAINTIFF THE 14 STITCHES THIS PLAINTIFF RECIEVD IN HIS
██ LEFT EYE RATHER THAN GIVE OTHER EXRAYS AND TEST TO
THIS PLAINTIFFS SHOULDER, HEAD, & EAR THE EMERGENCY RM
DR. WAS ORDERING?

(21) DEF. SMITH, DIDN'T THE EMERGENCY RM. DR. AT THE METHODIST
MED. CTR. REFUSE TO TREAT THIS PLAINTIFF IF YOU DEF. SMITH
AND DR. NORMAN JOHNSON WOULD NOT APPROVE THE TESTING HE
WAS ODERING TO BE DONE ON THIS PLAINTIFF, OUTSIDE OF THE
14, STITCHES ABOVE THE LEFT EUE HE ALSO WOULD NEED!

(22) DEF. SMITH, DIDN'T YOU AND YOUR JR. CO-WORKERS REFUSE
TO TALK TO THIS PLAINTIFFS ATTORNEY CONCERNING THIS PLAINTIFFS
INJURIES BETWEEN 8-13-02 AND 8-17-02. NOR WOULD YOU PASS ON
MESSAGES FOR THIS PLAINTIFF TO CALL HIS ATTORNEY,

(23) DEF. SMITH, DIDN'T YOU ALSO REFUSE THIS PLAINTIFFS MANY
REQUEST TO CALL HIS ATTORNEY OUTSIDE OF TUES. MORNINGS WHEN YOU
AND YOUR JR. CO-WORKERS KNEW HE'D MORE THAN LIKELY BE UNREACH-
ABLE AND IN COURT.

(24) DEF. SMITH, DIDN'T YOU AND YOUR JR. CO-WORKERS DENY THIS
PLAINTIFFS ATTORNEY TO MEET WITH HIM AT THE JAIL TUES. AUG.
13TH AFTER THE INCIDENT ON TH 12. INSISTING THAT THIS PLAIN-
TIFF WAS STILL AT THE SPECIALIST THE EMERGENCY ROOM DR

...CRATED THE P.C. MED UNIT FOR him TO see THIS SAME DAY?

(25) Def. Smith, Didn't THIS plaintiff ReTuRN FROM HPs eye Drs. Appointment on 8-13-02 well BEFORE 3 pm AND A evening INTERview Could HAVE Been ARRaNged FOR THIS Plaintiffs ATTORNEY BeTween 4pm & 5 pm BEFORE THE evening VISITS THAT Day would START?

(26) Def. Smith, Fisher, McCoy, Didn't you AND your JR. Co-workers PRomise THis plaintiff MANY Times Between 8-9-02 & 8-19-02 5:30 & 9:00 pm But Never granTed THIS plaintiffs Right to ATTORNEY/client meetings or phone calls?

(27) Def. Smith, McCoy, Fisher, Didn't THIS plaintiff HAVE to HAVE OTHER INMATES CALL, GiRlfRiends & Family members, ▓▓▓▓▓ to Call you AT THE Jail ABOUT THIS plaintiffs FEAR FOR His SAFTY?

(28) Def. Smith, McCoy & Fisher, Didn't OTHER INMATES TRying TO Help THis plaintiffs HAVE To Call THis plaintiffs ~~MANY~~ ATTORNEY MANY Times Concerning THis plaintiffs SAFTY AT THE P.C.J.?

(29) Def. Fisher, Didn't you Finally CALL THis plaintiffs ATTORNEY BACK AFTER His Several ATTemps FoR Days TRying TO Reach you TO INFORM THE plaintiffs ATTORNEY THAT you, Def. Fisher, Def. Smith, or Def. McCoy THAT you weR NoT Conducting a INVESTIGATION AT All ON THE INCIDENT where THis plaintiff WAS INJURED, HoweVER Did Manage TO TAKE STATEMENTS FRom THE assaulting INMATE Tim PuRdle BUT NOT ORE QUESTION IN THE INCIDENT

to this, this's plaintiff or other in-
mates on the H-POD/lockback gallery on 8-12-02?

(30) Def. Fisher, didn't you go to Def. S. Smith after finally
Speaking with my attorney about my aug. 12, 02 Incident
who informed you I had written Asst. States attorney
Nancy mermestein A letter with information concerning A
murder and she passed it on to the defendents attorney
for Discovery who passed it along to the defendent who
was in the Jail who informed other inmates on the
Hit Being put out on this plaintiff?

(31) Def. Fisher, Didn't the ▓▓▓▓▓ plaintiffs attorney
ask you about this plaintiffs injuries, and your reply was,
you assured this plaintiffs attorney that this plaintiffs
was not seriously injured and that this plaintiff was at the
Drs. office Being Checked that Day knowing my injuries was
Much more worse than you discribed to this plaintiffs attorney?

(32) Def. Fisher, Did nt this plaintiff on 8-12-02 also complain
about Harrassment, cruel and unuseual punishment by inmates and
officers to you During your meeting with this plaintiff at the
front of the Jail and provided you with many Documents to
prove His accusations?

(33.) Def. Smith, Didn't you and this plaintiff have a meet-
ing not only about His Fear of Being assauted & mistreated my
inmates but your officers to. One officer Harrassing and
threating this plaintiff, assting the officer working the
plaintiffs pod/lock Back Deck on 8-12-04 who was Being trained
to work the pods on this Day?

(34) Def. Smith, mccoy, & Fisher Didn't you Give orders, very strict
orders for this plaintiff to not Be out on the pod period
with any other inmates and this was noted in the officers Chambers
and logged in the Daily kept log Books yet He was out unescorted on 8-12-

Defendent, M.Mc Coy
Defendent, S. Smith

DiDN'T C/O TanyA GiBBS Recently Become A P.C.J.
Corr. officer, AND on 8-12-02 She WAS Being Trained By
Anouther officer who WAS To Be with Her AT All times, AND
INForm Her That AT No circumstance WAS This plaintiffs Door to
Be open Nor WAS This plaintiff To Be LeFT TO INTer mingle with the other
INMATES ?

(36) DeF. McCoy,
      DeF. Smith,

        DiDN'T C/O TanyA GiBBS enTeR The H-POD
Lock Back cell unit Alone on 8-12-02. Opening the Door
First AND Then Calling For Assistance. A violation oF Rules
AND proceedures.

(37) DeF. McCoy,
      DeF. Smith,

        DiDN'T THe TRaining officer TRaining C/o TanyA
GiBBS on 8-12-02 Also suppose To Be HeR BAck
up officer AND NEVER Should oF AllowD THis un-
TRained officer To Be Alone with Disciplinary IN-
MATes.

(38) DeF. McCoy,
      DeF. Smith,

      DiDN't THE TRaining officer violate many
Rules AND Proceedures By leaveing This unTRained officer
TanyA GiBBS IN The conTRol Booth/POD AReA
Alone IN which DuRing THAT Time THe plaintiff
WAS IN A Fight AND BRutally assaulTED By INMATes/
OR A INMATE Almost 2 Times His size & weight,

(39) DeF. GualanDI, DiDN't you work H-4-POD THAT IN-
      CluDes THe Lock BAck SegergATeD uniT Block 4 on
      8-12-02 Aug. 12, 2002.

40) Def. Gualandi, on aug. 12, 2002 werent you THE Corr. officer Training A New officer (Tanya Gibbs on THE H-pod unit At THE peoria Co. Jail why THis Plaintiff Resided In H-4-6 lock Back cell.?

41) Def. Gualandi, Didn't you Also leave C/o Tanya Gibbs on THAT pod Alone several Times on THE Day OF 8-12-04.?

42) Def. Gualandi, Didn't your Chief ADministators And ▬▬▬ Jail managers Give strict orders For THis Plaintiff not To Be out of His Cell with THE population Inmates on THAT Gallery Nor was THis Plaintiff To Be out with THE OTHER lock BACK/segergated Inmates with out "Escort" or Being "Escorted" Somewhere In THE Jail?

43) Defendent Gualandi, Didn't you Electronicly open or Allow THE officer In TRaining To Electionically open THis plaintiff Door while OTHER Inmates where In THE Day room Dispite THE "orders" In THE "log Book" AND THE "Highlighted" "CARD" InStucting orders, For Alerting All "officers" on All "THREE Shifts" THAT THis plaintiff was only To Be out For His Time out or while In Transport with A officer VIA. Jail management M. mccoy, steve smith.?

44) Def. Gualandi, Didn't you know About Inmate Aliens THE Plaintiffs meeting with Det. Fisher on 8-12-02 AND Shook Him Down on THAT Day To proceed To THE Intake PART OF THE Jail?

45. Def. Gibbs, Didn't you work H-4-4 POD of the Peoria Co. Jail on 8-12-04?

46. Def. Gibbs, Didn't C/O Jeffrey Gualandi Also Train you on that Day on the H-4-POD at the P.C.J. on 8-12-02?

47. Def. Gibbs, Didn't you know or Should HAVE known of the ordered Restrictions on this plaintiff By your Chief Administrators?

48. Def Gualandi, Didn't you contact Det. Fisher or had Him contacted For this plaintiff AFTER this plaintiff warned you of the accusations Being Talked About on the Cell Block of the Hit Being Put out on this plaintiff?

49. Def. Gibbs, Didn't you or weren't you Left Alone several Times with the Inmate on H-4 section of the Jail many Times on 8-12-04 By your Training Officer?

50. Def. Gibbs & Gualandi, Didn't you Both know or Should have known Not To Allow the plaintiff to Walk Back on the H-4-4 POD AFTER His Return From the Intake unit with His meeting with Det. Fisher Unescorted while other Segergated Inmates And population In-mates were out In The Day Room?

51. Def. Gibbs, Didn't This plaintiff WARN you while you were At His cell Door BeFORE the meeting with the Detective Fisher of his Fear And Concerns FOR His SAFTY And you FURTHE Reported This To your Training Officer.

52. Def. Fisher, Def. Smith Didn't you Both know or Should have known About This Inmate, plaintiffs Fear OF HIS LiFE BeCouse OF A Hit Being Put out on Him For Information He'd given To Asst. States Attorney Nancy MerNustine. (Continued questions shall ComFORTH) OF Greater STRENTH And TRUTHS

JOHN E. ALLEN SR.
Pro'se

V.

MIKE MCCOY, ET. AL.,
DEFENDENT

DKT _____

## PlaIntiffs motion for
## Production of
## Documents

Now comes, JOHN E. Allen SR. Pro'se with His FiRST motion For production of documents.

1. Employee STANDARDS OF Conduct Assignment Post Description manual.

2. Employee INSTITUTIONAL policy Book/manual.

3. medical Records From THe Following, Peoria Co Jail, Jacksonville CORR CTR, STATEVILLE, LOGAN, PONTIAC, Big muddy River, and Shawnee CoRRETional CenterS.

4. medical Records From METHODIST meD. Centers Emergency Room On THe DATes Of 8-12-04 & 8-13-04 DATE OF INCiDenT

5. INCiDenT Reports From Sgt. C. Closen, %o S.SChRADER, %o TANYA GiBBS,%o April Cummins, %oTORRie BuRNeTT Each %o At Scene THAT ShouID HAVE wRitten INCiDenT Reports

6. Copies Of photos TAken Of ANY INJuRies Of each INMATE.

7. Copies oF Numerous Request Forms used For Grievance Forms Sent To, mike mccoy, STeve Smith, LT. Briggs, DeTecu FisheR, STATes ATTORNeys LeTTer Sent To Nancy MumesTien By plaintiff on or ABout 7-26-02

3.

Respectfully submitted, John allen Sr.

JOHN E. ALLEN SR.
        Pro'se
    V.

M. McCOY. ET. AL.
        Redents.

D.K.T. _____

---

## <u>PLAINTIFFS FIRST</u>
## <u>REQUEST FOR</u>
## <u>ADMITION OF FACTS</u>

Now Comes, JOHN E. Allen SR. pro'se with His FIRST Request FOR ADMITION OF FACTS.

1. DeFendent M. McCOY, ISN'T IT A FACT THAT OVER THE yrs. AS P.C.J. SuperinTendent you went to INMATE Allens, THE PlaintiFFS Cell to meet with Him on Complaints ABOUT HIS SAFTY IN THE Jail.

2. DeFendents, McCOY, SMITH, ISN'T IT A FACT THAT THE plaintiff WAS INJURED AT your Jail ON 8-12-02 ON 2ND SHIFT AND NOT TAKEN TO THE METHODIST medical Center until 3RD SHIFT MANY HRS. LATER AFTER THE INCIDENT,

3. DeFendent McCOY, ISN'T IT A FACT THAT ON 8-12-02 THE plaintiff WAS TAKEN TO THE methodist medical Center where THE plaintiff Recieved "14 STITCHES" IN HIS LEFT EYE AFTER A BRUTAl ATTACK By Several INMATES ....

4. DeFendent FISHER, BeTween Feb. 12, 2002 AND Aug. 21, 2002 TH ISN'T IT A FACT THAT THIS plaintiff Contacted you IN writting Requesting to meet with you By P.C.J. Request Forms ABOUT HIS CONCERNS OF HIS SAFTY AT THE Jail.

5. DeFendent FISHER, ISN'T IT A FACT THAT DuRing your Brief meeting with THIS plaintiff ON 8-12-02 THE PlaintiFFS CRY TO you WAS HIS SAFTY AND NeeDeD TO Be moveD right Away.

RespectFully submitteD, _John E. Allen Sr._

4.

## DEFENDENTS

1. DeFenDenT, mike mccoy, shrf. at THE peoria co. Jail on THE DATE AND time AT QUESTION, He HeLD THE Rank OF sheriFF. He IS Being sueD, OFFicially whilE unDER A Color OF STATE LAW, He knew or reason— AblE should HAVE known THAT His actions or INACTIONS were in clear Violation AND/OR IN gross DisregaurD OF THis plaintiFFs ConstiTuTion— al RighTs

2. DeFendenT, STeve smITH, sup. AT THE peoria co. Jail on DATE AND Time AT QuesTion, He HelD THE Rank oF Jail sup. He Is Being sueD, OFFi— cally while unDER A Color OF STATE LAW, He knew or resonably should HAVE known THAT His actions or IN— ACTIONS were IN clear Violation AND/OR IN gross DisregaurD OF THis plaintiFFs ConsTiTuTional RighTs,

3. DeFendenT, FisHER, DeT. AT THE peoria co. Jail on DATE AND Time AT QuesTion, HE HelD THE Rank oF DeTecTive. HE IS Being sueD OFFically while unDER A Color OF STATE LAW, HE know OR reason— ably should HAVE known THAT His acTions or IN— acTions were IN clear VIOlation AND/OR IN gross DisregaurD OF THE plaintiFFs ConstiTuTional RighTs. RespecTFully SubmiTTeD,

John E. allen Ar.

5.

## I.

WheaTHER THE plaintiff WAS Denied equal Protection AND Due process of THE LAW By THE DeFenDnts TOTAl DisReGauRD FOR THis plaintiffs SAFTY.

## II.

wheaTHER THE plaintiff WAS TReated wiTH Deliberate INDiffeRence wheN THE DefenDents Refused AND Failed TO Respond TO THis plaintiffs Repeated CRys FOR Help Numerous Times PrioR TO THis plaintiffs BRUTAl ATTack AT THE P.C.J. ON 8-12-02 THAT may of EVEN ENVolVED 2 or 3 OTHER INMATES THis plaintiff ShouID NOT HAVE Been OUT IN THE DAY Room AT All wiTH V.I.A. STeve SMiTH.

## III.

wheaTHER THE plaintiff WAS SubJecT TO Cruel anD Unuseual punishment when THE DefenDents or THier agents OpeneD THis plaintiffs Cell DOOR By electRic key BUTTONS IN THE OFFiceRs ChambeRs. where IT WAS, HighLighTED AND NOTED IN BOTH THE log Book THATS Daily recorDED AND ON THE IDentiFicaTion Board Also LocATED IN THE OFFiceRs ChambeRs. THAT THE plaintiff WAS NOT TO INTERmingle WITH THE OTHER populaTion or Lock BACK INMATES VIA. STeve SMiTH.

## IV.

wheaTHER THE DefenDents ACTIONS AND/OR INacTions in Combination Clearly ViolateD THis Plaintiffs 8TH AmenDment allowing THis plaintiff TO Be assauTeD THAT CouID hAVE Been PreventeD HAD THese OFFiceRs acteD IN THEPE OFFicial CapaciTy anD THe way THe SR. OFFiceR working THAT UniT WAS present wiTH THE unTRaineD OFFiceR who shouID HAVE knowN/OR know ABOUT THE keep Away STATUS OF THE

6.

plaintiff from THE OTHER INMATES on THE
POD. Opposeing THE plaintiff TO SubTantial risk TO
Serious HARm where THE plaintiff lATER Recieved 14
Stitches on 8-12-02 and permenant eye, ear, and ▮ LefT
ShoulDER DAmage.

## V.

WheATHER, THE DeFenDents actions AND/oR INActions
IN comBiNATioN Clearly ViolaTeD' THis plaintiFFS 14 TH Amend
ment ▮ RighTs To Equal ProTecTioN IN which THis plaintiFF
May HAVE TReaTeD DiFFEReNTy, or discriminaTeD against THis
PlaintiFF,

# Relief Sought

1. Defendent, m. mccoy, (sheriff) Is being sued IN His officiall capacity Induvidually IN THE AMOUNT OF 2.5 million Dollors.

2. Defendent, steve smith, (Jail sup.) Is Being sued IN His officiall capacity Induvidually IN THE Amount OF 2.5 million Dollors.

3. Defendent, Fisher (county Det.) Is Being sued IN His official Capacity Induvidually IN THE Amount OF 2.5 million Dollors.

4. Plaintiff Seeks punitive Damages in THE Amount OF 2.5 million Dollors From Each Defendent Individually.

5. IN ADITION plaintiff Seeks Compensatory Damages IN THE Amount OF 2.5 million AND — OR whATEVER FUrTHER Relief THAT THis HONORABle Court Deams necessary.

Respectfully submitted,

John E. allen Sr.

7.

JOHN E. ALLEN SR.
pro'se

V.

M. MCCOY. ET. AL.,
Respondents,

D.K.T.

## JURY DEMAND

Now comes JOHN E. ALLEN B00298 pro'se with THE Blessings OF BOUNDS VS. SMITH, CITATION unknown. Humble prays THAT THIS COURT PROVIDE THIS plaintiff WITH A JURY Trail Consisting OF JURORS OF HIS Peers.

Respect FULLY SubmiTTED,

John E. allen Sr.

8.

# STATEMENT OF FACTS

On aug. 12, 2002 AT Approx. 6:30 pm while Hoosed IN H-4-4 pod /lock BACK unit AT THE Peoria Co. Jail IN Peoria County, IN Peoria, ILL. 301 Maxwell RD. 61604 THIS Plaintiff WAS Brutally ATTACKed AND Severly Beaten About His Head AND Face where upon THis plaintiff SUFFERD INJuRies TO His LeFT ear, His LeFT Shoulder, and His LeFT eye where he Recieued 14 stitches AND Permenant Damage TO THIS Plaintiffs Body pARTs, AND wHAT may Appear TO Be A BlinDeD LeFT eye where serious Damage OF THE optic NeRue HAS Been Found...

. AFTER THis BRuTal ATTACK THis plaintiff WAS subse— Quently handcuFFED AND THEN THROWN IN A cell with excessive FoRce By P.C.J. oFFicers AT C. closens orders. THis cell Being A Disciplinary lock BACK cell, once Forced IN THis Cell with Blood Flowing From THE Left eye, INJuRy THis plaintiff was THEN ATTAcked By several oFFicers until He passed out AND mADe TO Lay IN His Blood IN Handcuffs AND RestraintsoN THIS PlaintiFFs ankles. Sometime During THE oFFicers Beating THis plaintiff uRined on Himself.

AT Approx 11 pm simi Couscious THis plaintiff stopped A 3RD shiFT oFFiceR Reporting TO His Assigned Pod THAT He Needed medical TreaTment AND THEN THis plaintiff pass out once more while stanDing IN THE cell DooR Leaning on THE winDow where Blood was still comming From THis plaintiffs LeFT Eye wound. THis CoPR, Returned From His Count TO see THE Blood All over THE winDow AND DemanDeD medical TReAT ment FoR THis plaintiFF. who WAS Finally TAKEN TO THE Jails meD. untit AND Finally TRANSPORTED TO THE meTHoDisT medical ▬ Centers Emergency Room at Approx 12:30 Am aug. 13,04 6 or moRE hrs. AFTER His Beating AND INJuRies occured,

V.I.A. ChieF ADministRAToRs THis plaintiff WAS NoT TO Be out His cell unescorted By A County oFFicer or TO INTER mingle with ANY oTHeR INmate on THis pod Becouse oF Disciplinary Issues AND THreats maDe By oTHe In- mates TO THis plaintiff, THis WAS NoTeD IN THE oFFicers Chaimbers AND IN A Daily Log Book THere FoR THis plaintiff Should NoT HAUE Been out His cell un- escorted FoR ANy Reason, IT IS Beleaved County oFFicers ConspiReD with In- mates TO INSURE THis plain-🖊 TiFF WAS seriously HURT oN 8-12-02,

IN THE CASE AT HAND, THis plaintiff has/had on Several occasions wrote & personally INFORMED P.C. J. (SherriFF) Mike mccoy, (Jail superintendent) Steve Smith, AND Detective FisheR Numerous Times THAT He was IN Fear of Hi's SAFTY, Not only with Inmates But Also with OFFicers, However each DeFendent Ignored THis plaintiffs Repeated Cries For Help (see exibits "A" & "B" attached) more exibits, letters, & Documents yet to Be presented.

All of THis plaintiffs CRYS To THE Above DeFendents only Fell on Death Ears.

IT Is THis plaintiffs Contention THAT THE OFFicers assigned To THE H-4 lock Back pod unit AT THE P.C. J. on THis DATE of august 12, 2004 ☐ IT Is Beleaved By THis plaintiff THAT THE Issue IN question THese Corr. OFFicers acted IN Concert with THE Inmate/Inmates THAT BruTally Attacked THis plaintiff By opening THis plaintiffs Cell Door ElectRonicly For THis plaintif To Be Allowed To Inter mingle with other seg/lock Back Inmates. when IT had Been orDeRD AND Logged By THier Chief ADministrators M. mccoy, S. Smith AN written Next to THis plaintiffs name on THE IDenification Board THAT THis plaintiff was NOT To Intermingle with othe Inmate AT No excuse. Because of His Fear AND SAFTY.

INSo FAR AS, THE Assigned unit OFFicers Did Fail To Do THeir Trained official Duties By Allowing THis plaintiffs To Itermingle with population AND lock Back Inmates, TOTALY Ignoring Chief administrators orDeRs By opening His cell Door ElectRonicly From THE control Booth THAT Allowed THis Bruetal attack To occur. AND Also left THese station AND THese Inmates Alone with THE plaintiff who Are Known Gang members AND very aggressive Inmates, IT IS THE plaintiffs FurtHER contention THAT THE actions and/or In actions of THE DeFendents AND THeir agents were IN clear Disregaurd of THis plaintiffs Constitutional Rights To Be Free of cruel and unuseual punishment & Equal pro-Tection OF THE LAW. THE plaintiffs 8TH & 14TH Amendments,

10.

# INMATE REQUEST FORM

I am interested in, or have a question about:

( ) Programs (GED, Recreation, AA, etc.)
( ) Religious services/counseling
( ) Classification
( ) Inmate Disciplinary Procedures
( ) Department Superintendent of Programs & Services
( ) Jail Chaplain
( ) Services/Classification Director
( ) Department Superintendent of Operations

( ) Other _____

---

TO: _JOHN ATHEMOSR._    DATE: _5-13-05_

FROM: _John ALLEN_    CELL BLOCK: _H-U-26-_

COMPLAINT OR PROBLEM: _Look This Has gone Far enough now_
_I spoke with Detective Fisher yesrey evening In fear_
_what Happend Last knight was about to go on And It_
_Did, Now I Dontwrite you often, Now Im Asking you to_
_see me, or get message to Dec. Fisher That I Need_
_to see Him Right Away, word Is Around the Jail Now on In-_
_Formation I gave Him would you please send me Response to my Ques._

SIGNATURE: _John E allen Jr.    /    John Allen Sr._

(written) _Theres No way I Cant stay in This spec._ (printed) _TE I Have to_
_do You About It Then Fire Look Right This Is Not A game, This Is_
_serious Burns After Talking to my Parents I realize That I Have to_
_Do What I Need to do If Not **RESPONSE** else please get 4 Hold of Fisher_

TO: _____    DATE: _____

_Detectives have been notified,_
_Someone will talk to Ja_

SIGNATURE: _KLL_    # _3154_  TITLE: _____

## INMATE REQUEST FORM

I am interested in, or have a question about:

( ) Programs (GED, Recreation, AA, etc.)
( ) Religious services/counseling
( ) Classification

end                                                                    Page 5

## STATEMENT OF CLAIM

**Place of the occurrence** _Peoria Co. Jail_

**Date of the occurrence** _8-12-02_

**Witnesses to the occurrence** _____

*State here briefly the FACTS that support your case. Describe how EACH defendant is involved.*
*Do not give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph.*
*Unrelated claims should be raised in a separate civil action.*
       *THE COURT STRONGLY URGES THAT YOU USE ONLY THE SPACE PROVIDED.*

" SEE ATTACHED "

LC22

Case:
**1:04−cv−01295**
Assigned To : **Baker, Harold A.**
Referral Judge: **Gorman, John A.**
Assign. Date : **8/26/2004**
Description: **Allen v. McCoy et al.**



# INMATE REQUEST FORM

I am interested in, or have a question about:

( ) Programs (GED, Recreation, AA, etc.)
( ) Religious services/counseling
( ) Classification
( ) Inmate Disciplinary Procedures
( ) Department Superintendent of Programs & Services
( ) Jail Chaplain
( ) Services/Classification Director
( ) Department Superintendent of Operations

( ) Other _____

---

TO: _____    DATE: _____

FROM: _____    CELL BLOCK: _____

COMPLAINT OR PROBLEM: _____
_____
_____
_____
_____
_____

SIGNATURE: _____ / _____
              *(written)*                      *(printed)*

---

## RESPONSE

TO: _____    DATE: _____
_____
_____
_____
_____

SIGNATURE: _____    TITLE: _____

*f:\julie\dataword\forms\form01.doc  ( 3M ~ 5/2002 )*