**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

JOHN E. ALLEN SR., )
         Plaintiff, )
v. )
) Case No. 04-1295
MIKE McCOY, STEVE SMITH, )
DETECTIVE FISHER, TONYA GIBBS, )
JEFFREY GUALANDI )
         Defendants. )

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Now come the Defendants, MIKE McCOY, STEVE SMITH, and DETECTIVE FISHER by and through their attorneys, KEVIN W. LYONS, State's Attorney of Peoria County and WILLIAM W. P. ATKINS, Assistant State's Attorney of Peoria County, and file this Memorandum of Law in support of their Motion to Dismiss. The Defendants state as follows:

**A.**    **FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Plaintiff's claims against MIKE McCOY, STEVE SMITH, and DETECTIVE FISHER must be dismissed for failure to exhaust the administrative remedies available, as required by 42 U.S.C. §1997e(a). Plaintiff checked the box on the Prisoner Complaint Form indicating that he was aware of the grievance procedure available at the Peoria County Jail and he checked the box indicating that he filed a grievance concerning the facts relating to this Complaint. The Inmate Request Forms Plaintiff attached to his Complaint do not show that Plaintiff sought any relief pursuant to the August 12, 2002 incident other than talking to Detective Fisher (Plaintiff's Complaint, Exhibits A and B). Plaintiff alleges that other exhibits could be presented but does not supply any other exhibits to show that he exhausted administrative remedies.

Applying the requirement of exhaustion of administrative remedies contained in 42 U.S.C. §1997e(a), the Supreme Court has upheld the dismissal of claims for monetary damages even when monetary damages were not available in the administrative proceeding. *Booth v. Churnier*, 121 S.Ct. 1819 (2001). Additionally, the Seventh Circuit has held that "failure to plead

exhaustion of all administrative remedies mandates dismissal of [a] claim." *Massey v. Wheeler*, 221 F.3d 1030, 1034 (2000). Plaintiff's attached grievances show that he requested to talk to Detective Fisher, an individual outside the chain of command of the Peoria County Jail, rather than seeking any action by the officials in charge of the Peoria County Jail (Plaintiff's Complaint, Exhibits A and B). Since Plaintiff has failed to plead that he ever sought relief of any kind from the individuals in charge of the Peoria County Jail, Plaintiff's Complaint must be dismissed in its entirety for failure to exhaust administrative remedies.

**B.   CAPACITY IN WHICH DEFENDANTS ARE SUED**

The Plaintiff states in the Relief Sought section of his Complaint in separate paragraphs concerning each defendant that he is bringing suit against MIKE McCOY, STEVE SMITH, and DETECTIVE FISHER in their "official capacities individually" (spelling corrected). Plaintiff asks for compensatory and punitive damages as well as any other relief the Court deems necessary and Plaintiff refers to the policy and direction given by MIKE McCOY and STEVE SMITH concerning where correctional officers should allow Plaintiff to be. Therefore, MIKE McCOY, STEVE SMITH, and DETECTIVE FISHER have been sued in their individual and official capacities. *Miller v. Smith,* 220 F.3d 491, 494 (7th Cir. 2000).

**C.   PUNITIVE DAMAGES CLAIMS**

Although Plaintiff is suing each defendant individually and in their official capacities, Plaintiff clearly states that he is seeking punitive damages against each defendant individually (Plaintiff's Complaint, p. 7). Since punitive damages are not recoverable in lawsuits against local government officials, *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981), the claim for punitive damages must be directed to the defendants in their individual capacities to have any basis in law. Even in claims against defendants in their individual capacities, however, a plaintiff must show "evil motive" or "reckless or callous indifference to the federally protected rights of others" for punitive damages to be available. *Smith v. Wade*, 461 U.S. 30, 56 (1983).

Plaintiff has failed to allege any facts showing any personal involvement or bad motivation by MIKE McCOY, STEVE SMITH, or DETECTIVE FISHER in the August 12, 2002 incident. Plaintiff does not allege that any of these three defendants were present when the fight occurred between Plaintiff and other inmates. Plaintiff alleges a single action on the part of these three defendants. He alleges that MIKE McCOY and STEVE SMITH ordered that the correctional officers should not allow the Plaintiff to intermingle with other inmates (Plaintiff's Complaint, p. 10). Plaintiff alleges no action, nor any authority to take any action in the Peoria County Jail, on the part of DETECTIVE FISHER. Plaintiff's Complaint fails to state a claim allowing for the imposition of punitive damages on MIKE McCOY, STEVE SMITH, or DETECTIVE FISHER, and the punitive damages portion of Plaintiff's Complaint must be dismissed on that basis.

**D.     CLAIMS AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES**

The standard in a §1983 action alleging failure to protect an inmate from the attacks of other inmates is two pronged. "First, the danger to the inmate must be objectively serious, posing a substantial risk of serious harm. Second, the prison official must have a sufficiently culpable state of mind – one of 'deliberate indifference' to inmate health or safety." (*Haley v. Gross*, 86 F.3d 630, 640-41 (7th Cir. 1996)). Claims of convicted persons and pretrial detainees are analyzed under the same objective and subjective components of deliberate indifference applicable under the Eighth Amendment. (*Henderson v. Sheahan*, 196 F.3d 839, 844-45 (7th Cir. 2000)). To show deliberate indifference on the part of a correctional officer, the Plaintiff must show that the correctional officer "*actually knew* of a substantial *risk* that [another inmate] would seriously harm him," *Haley v. Gross,* 86 F.3d at 641 (italics in original).

The doctrine of *respondeat superior* does not apply to §1983 suits, which means that Plaintiff must allege personal acts of defendants in order to state a claim. (*Antonelli v. Sheahan*, 81 F.3rd 1422, 1428 (7th Cir. 1996)). As already stated above, Plaintiff has alleged no acts by these defendants except for the directions he alleges were given by MIKE McCOY and

STEVE SMITH that Plaintiff should be separated from other inmates. Giving that direction could not possibly be interpreted as deliberate indifference. Since Plaintiff only alleges that Defendants MIKE McCOY and STEVE SMITH attempted to keep Plaintiff away from other prisoners, the claims against them in their individual capacities must be dismissed. Similarly, with no personal involvement alleged on the part of DETECTIVE FISHER, the claim against him in his individual capacity must be dismissed.

E.  **CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES**

A suit against a defendant in his official capacity is, in effect, a suit against the local governmental body served by that official. (*Monell v. Department of Social Services*, 436 U.S. 658 (1978)). Although official capacity claims are usually based on policies and procedures promulgated by the officials in charge of the governmental operations, discrete instances can give rise to official capacity claims. The doctrine of *respondeat superior* does not apply in official capacity claims, which means that Plaintiff must allege personal acts or directions of defendants in order to state a claim. (*Antonelli v. Sheahan*, 81 F.3rd 1422, 1428 (7th Cir. 1996)).

In this instance, however, the only policy or direction alleged to have been promulgated by defendants is the direction allegedly given to the correctional officers to keep Plaintiff segregated from other prisoners. DETECTIVE FISHER is not alleged to have taken any action or to have given any directions. In fact, he is not even alleged to have any authority over the operations of the Peoria County Jail or any individual members of the Peoria County Jail staff. Accordingly, all claims against MIKE McCOY, STEVE SMITH, and DETECTIVE FISHER in an official capacity must be dismissed.

For all of the above stated reasons, Defendants respectfully request that this Court dismiss the Plaintiff's Complaint as to all counts against Defendants MIKE McCOY, STEVE SMITH, and DETECTIVE FISHER.

RESPECTFULLY SUBMITTED,
MIKE McCOY, STEVE SMITH, and
DETECTIVE FISHER
Defendants

By: /s/ William W. P. Atkins_____
    Assistant State's Attorney of Peoria County
    Peoria County Courthouse
    Room 111, 324 Main Street
    Peoria, Illinois  61602
    (309)  672-6017

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| JOHN E. ALLEN,                                    ) | |
|         Plaintiff,                                         ) | |
| v.                                                          ) | Case No. 04-1295 |
|                                                              ) | |
| MIKE McCOY, STEVE SMITH,               ) | |
| DETECTIVE FISHER, TONYA GIBBS, ) | |
| JEFFREY GUALANDI                             ) | |
|         Defendants.                                   ) | |

**CERTIFICATE OF SERVICE**

I, WILLIAM W. P. ATKINS, Assistant State's Attorney of Peoria County, hereby certify that on the 8th day of December, 2004, I caused a true and correct copy of the attached Memorandum of Law in Support of Defendants' Motion to Dismiss to be served upon:

    John Allen, #B00298
    Pontiac Correctional Center
    P.O. Box 99
    Pontiac, IL 61764

by depositing the same in the United States Mail in the Peoria County Courthouse, Peoria, Illinois, postage fully prepaid and addressed as aforesaid.


By: /s/ William W. P. Atkins
      Assistant State's Attorney
      Peoria County Courthouse
      324 Main Street, Room 111
      Peoria, IL 61602
      (309) 672-6017