E-FILED
Wednesday, 02 March, 2005 02:53:51 PM
Clerk, U.S. District Court, ILCD

FILED
MAR 0 2 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

JOHN E. ALLEN SR.,
Plaintiff
v.
Case NO. 04-1295
MIKE McCOY, STEVE SMITH, DETECTIVE FISHER, TONYA GIBBS, JEFFREY GUALANDI,
DEFENDANTS.

DECLARATION

I, JOHN E. ALLEN SR., do hereby declare that the following documents hereto-attached are authentic and true to the best of my Knowledge and belief, in substance and in facts. The hereto-above mentioned includes the following: (1) Peoria County Jail, Inmate Rules, Regulations, and Information (Handbook) (2) letter written by my attorney during the time in question, Attorney Bob Gaabas, Exhibit-1, (3) letter from Michael V. Velarde, Chief-Office of Jail and Detention Standards (dated August 28, 2002) Exhibit-E (4) Four (4) Inmate Request Forms, Exhibit-A, and (5) Two (2) Inmate Request Forms, Exhibit-B.

Pursuant to 28 USC 1746, 18 USC 1621, or 735 ILCS 5/109 I declare, under penalty of perjury that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 17TH day of Feb. 2005

John E. Allen Sr.
AFFIANT

EXHIBIT ("B")

NOTE! AFTER STEVE SMITH SAID HE WOULD NOT MEET WITH ME AGAIN, TO GO THROUGH THE CHAIN OF COMMAND FIRST, THIS VIOLATES WHATS STATED IN THE INMATE RULE BOOK THAT HE'D RESPOND TO ANY WRITTEN REQUEST.

EXIBIT (A) REQUEST TO SARGENT KOOLMAN DAY AFTER FIGHT WHO DID CONTACT FISHER WHO SETTLED MATTER WITH MY ATTORNEY ROB. GAUBAS MR. GAUBAS HAS A LETTER ENCLOSED WRITTEN TO PLAINTIFF, STATING FISHER STATES STEVE SMITH WOULD NOT LOOK INTO 8-12-02 MATTER ANY FURTHER. PLEASE REFER TO ENCLOSED LETTER (EXIBIT 1)

# INMATE REQUEST FORM

I am interested in, or have a question about:

( ) Programs (GED, Recreation, AA, etc.)
( ) Religious services/counseling
( ) Classification
( ) Inmate Disciplinary Procedures
( ) Department Superintendent of Programs & Services
( ) Jail Chaplain
( ) Services/Classification Director
( ) Department Superintendent of Operations
( ) Other

TO: LT. MAJ. Briggs DATE: 8-9-02

FROM: John Allen CELL BLOCK: H-4-6

COMPLAINT OR PROBLEM: MR. BRIGGS, I HAVE ATTEMPTED TO CONTACT DEC. FISHER SINCE OUR LAST MEETING, THE FIGHT THAT I TALK TO YOU ABOUT RIGHT AWAY. I CAN'T GET STEVE SMITH TO EVEN MEET WITH ME AT ALL. I NEED TO SEE SOME ONE BEFORE ITS TO LATE PLEASE. THIS MATTER IS RATHER SERIOUS AND CONCERNS THE CHRIS VORTER MURDER CASE, ITS ALL I CAN PUT ON PAPER!

SIGNATURE: John E. Allen Sr. / JOHN E. ALLEN SR.
(written) (printed)

## RESPONSE

TO: DATE:

SIGNATURE:

EXIBITS (B)

# INMATE REQUEST FORM

Heres where I wrote to "D.C.S." "Pearl Smith" The morning before my injury as soon as I found out I was going to be jumped when I came out for my hr. out. Once again I did go through proper channels and attempted to to exhaust admin. remidies. I also wrote to Sarg. Koolman the next day 8-13-02 see request to him and his respones that has his signature and badge num. # 314 (EXIBITS (A))

I am interested in, or have a question about:

( ) Programs (GED, Recreation, AA, etc.)
( ) Religious services/counseling
( ) Classification
( ) Inmate Disciplinary Procedures
( ) Department Superintendent of Programs & Services
( ) Jail Chaplain
( ) Services/Classification Director
( ) Department Superintendent of Operations

( ) Other ______

TO: Pearl wilson DATE: 8 12 02

FROM: John Allen CELL BLOCK: H-4-6

COMPLAINT OR PROBLEM: Can you please see me monday morning I Really need to talk to you. I Dont want something to happen [illegible] it [illegible] AND would like to HeaD it off. I'm tired of being [illegible] By 2ND and 3RD Shift I also [illegible] [illegible] week. I'm asking you [illegible]

SIGNATURE: Rev John allen (written) / Rev John Allen (printed)

## RESPONSE

TO: John Allen DATE: 8 11 02.

If I get time Monday are Real Busy Days. Can Not Promise!.

SIGNATURE: [signature] TITLE: [signature]

f:\julie\dataword\forms\form01.doc ( 3M ~ 5/2002 )

# INMATE REQUEST FORM

This Is when I Found out There was A hit on me For writting A statement to Asst. States Attorney Nancy murmistien About the Christopher Rutter murder case. After Dec. Fisher & Lt. Briggs Interviewed me And sent me Down to peoria police to talk to two City Detectives one being Detect. Let Better And Det. Nowland, Steve Smith And Det. Fisher was aware before my Injury on 8-12-02 (See Exibits "O" & "4")

I am interested in, or have a question about:

( ) Programs (GED, Recreation, AA, etc.)
( ) Religious services/counseling
( ) Classification
( ) Inmate Disciplinary Procedures
( ) Department Superintendent of Programs & Services
( ) Jail Chaplain
( ) Services/Classification Director
( ) Department Superintendent of Operations

( ) Other ______________________________

TO: [illegible] DATE: [illegible]

FROM: [illegible] CELL BLOCK: [illegible]

COMPLAINT OR PROBLEM: [illegible]

SIGNATURE: [illegible] (written) / [illegible] (printed)

## RESPONSE

TO: ______________________ DATE: ______________________

SIGNATURE: ______________________ TITLE: ______________________

EXHibit "A"

# INMATE REQUEST FORM

I am interested in, or have a question about:

( ) Programs (GED, Recreation, AA, etc.)
( ) Religious services/counseling
( ) Classification
( ) Inmate Disciplinary Procedures
( ) Department Superintendent of Programs & Services
( ) Jail Chaplain
( ) Services/Classification Director
( ) Department Superintendent of Operations

( ) Other ______________________________

---

TO: [illegible] DATE: ______

FROM: John Allen CELL BLOCK: H-4-6

COMPLAINT OR PROBLEM: Look [illegible] has gone [illegible] and I spoke with [illegible] Fisher yesterday [illegible] what happend last knight was about to go on [illegible] Dis. Now I don't [illegible] you [illegible], Now I'm asking you to see me or get message to Dr. Fisher that I need to see him right away, [illegible] formation I gave him [illegible] please send me [illegible]

SIGNATURE: John E. Allen Sr. / John Allen SR.

(written) (printed)

There's no way [illegible] [illegible]

---

**RESPONSE**

TO: ______________________ DATE: ______________________

SIGNATURE: ______________________ TITLE: ______________________

exibitsA's SARGent koolmens Response AFTER Steve Smith Said I must go Through chains of Command Day AFTER INCIDENT ON 8-12-02

## INMATE REQUEST FORM

I am interested in, or have a question about:

( ) Programs (GED, Recreation, AA, etc.)
( ) Religious services/counseling
( ) Classification
( ) Inmate Disciplinary Procedures
( ) Department Superintendent of Programs & Services
( ) Jail Chaplain
( ) Services/Classification Director
( ) Department Superintendent of Operations

( ) Other

TO: John Kahlemmes Sr. DATE: 8-13-02

FROM: JOHN ALLEN CELL BLOCK: [illegible]

COMPLAINT OR PROBLEM: Look THIS HAS gone FAR enough Now I Spoke WITH DeTecTive Fisher yesterday evening IN Fear WHAT Happend LAST knight WAS ABOUT TO go ON AND IT DID. NOW I DONT write you OFTEN, Now Im Asking you TO See me or get message TO Dec. Fisher THAT I Need TO See Him Right AWAY. WORD IS AROUND THE Jail NOW ON INFORMATION I gave Him would you please send me Response TO my ques.

SIGNATURE: John E allen Sr (written) / JOHN ALLEN SR. (printed)

Theres NO WAY I can'T STAY in THis spec. IF I HAVE TO TALK TO you ABOUT IT THEN Fine Look Coolmen, THIS IS NOT A game, THIS IS serious Buisness. AFTER TAKing TO my PARENTS I Realize THAT I HAVE TO do what I Need TO DO. IF NOTHING else please get A HOLD OF Fisher AND LeT Him know ITS ERGENT I see Him!

**RESPONSE**

TO: DATE:

Detectives have been notified. Someone will talk to you.

SIGNATURE: [signature] #31 TITLE:

f:\julie\data\word\forms\form01.doc ( 3M – 3/2002 )

EXIBITS "A"

# INMATE REQUEST FORM

ANOTHER ATTEMPT TO TALK TO DETEC. FISHER 3 DAYS AFTER MY INJURY AND AFTER I SPOKE TO HIM IN PERSON ON 8-12-04 RIGHT BEFORE I WAS HURT. I COULD GET NO ONE TO TALK TO ME SO I WROTE TO MY ATTORNEY WHO DID TALK TO DET. FISHER, AND WROTE ME A LETTER TO THE JAIL ON WHAT THERE CONVERSATION WAS ABOUT. THE ATTORNEY WAS ROBERT GAUBAS. MY ASST. PUBLIC DEFENDER. (SEE HIS LETTER ENCLUDED) (EXIBIT 2)

I am interested in, or have a question about:

- ( ) Programs (GED, Recreation, AA, etc.)
- ( ) Religious services/counseling
- ( ) Classification
- ( ) Inmate Disciplinary Procedures
- ( ) Department Superintendent of Programs & Services
- ( ) Jail Chaplain
- ( ) Services/Classification Director
- ( ) Department Superintendent of Operations
- ( ) Other ____________

TO: Detec. Fisher DATE: 8-15-04

FROM: John Allen CELL BLOCK: G spec

COMPLAINT OR PROBLEM: I'm starting to feel like I'm being avoided. A D.C.S. told me they did not want to get in it. Harlmed said someone would see me on the 14th. When will we meet again. We must and not down stairs please

SIGNATURE: Johnnie allen / John Allen Jr. (written) (printed)

## RESPONSE

TO: ____________ DATE: ____________

SIGNATURE: ____________ TITLE: ____________

f:\julie\dataword\forms\form01.doc ( 3M ~ 5/2002 )



EXHIBITS (E)

**Illinois**
Department of
**Corrections**

**George H. Ryan**
Governor

**Donald N. Snyder Jr.**
Director

James R. Thompson Center / 100 W. Randolph Street / Suite 4-200 / Chicago, IL 60601 / Telephone: (312) 814-3017 / TDD: (800) 526-0844

August 28, 2002

John Allen, B00298
Stateville Correctional Center Reception Center
Route 53, P.O Box 53
Joliet, Illinois 60434

Dear Mr. Allen:

On August 20, 2002, the Office of Jail and Detention Standards received your second complaint in two months. Your complaint letter postmarked August 15, 2002, included the same contents written in your letter dated June 11, 2002, with the exception of one.

Criminal Justice Specialist Steven Godlock investigated your complaints dated June 11, 2002. On June 19, 2002, this office forwarded you a response while you were detained at the Peoria County Jail. This office will not re-investigate complaints already acknowledged. However, Criminal Justice Specialist Steven Godlock investigated your new allegations of August 15, 2002.

On August 22, 2002, Mr. Godlock conducted an investigation into your most recent allegations. You were not available to be interviewed because you have been transferred to the Illinois Department Correction that morning prior to Mr. Godlock's arrival.

In your absence, Specialist Godlock interviewed Superintendent Robert McCoy and DCS Cheryl Smith. You wrote that you were involved in a fight with another inmate and allege that as result of the fight, you received a black eye and stitches. You also allege that jail security staff further agitated the injury.

DCS Smith provided Specialist Godlock with incident reports dated August 12, 2002, which state you were involved in a fight with detainee Timothy Purdle. The reports further state that after the fight occurred, you taunted jail staff, threw a bloody rag in Officer Duhan's face, and received medical attention as a result of the fight. Your allegations that jail staff agitated an injury received in the fight and lack of medical attention were unfounded.

There will be no future investigations conducted on frivolous accusations or issues previously investigated.

Sincerely,

Michael V. Velarde

Michael V. Velarde, Chief
Office of Jail and Detention Standards

cc: Sheriff Michael D. McCoy
Specialist Steven Godlock

This shows the jail staff was [illegible] my legal mail. Mr. Daubas should have gotten this letter [illegible] day. It shows that other people had to contact him and that the jail would not allow me an attorney client phone call after my eye was [illegible]. I never even got this letter until the day I was to leave for my trail on aug 19, 2002 the day I took the plea agreement. Mr. Daubas had been calling every sense the 14TH of aug. the day after my injury yet the jail would not give me any messages or allow me to use the phone, my contact to him was by phone through other inmates at the jail and by letter. These inmates called my girlfriend to contact Mr. Daubas. Sharon Bradford. at this time my wife was being denied visits to see me. I was told I did not have a wrist band so she would not see my eye. I later spotted my ID band on the steps of the officers corridor to there control center taken out of my cell by Sargent Closen, Co young Co Squnaldi the day I went to see the out side doctor on the 13TH of aug. along with legal civil court documents I was told was contraband. I was supose to return to see this specialist on aug 21ST 2002 and was not taken. I found out later. The next day I got the [redacted] transfer was to Ill. I.D.O.C. I knew then I was beyng denied all my rights. after I was forced to return to a special cell by Doug Johnson, D.C.S. Buck Bucannon and Will Smith after I was placed in a suicidal cell and wanted to stay there because it was monitored by a 24 hr. camera. On this day I returned from the doctor approx 00 pm I was never given a mess. that Mr. Daubas had called or for me to call him this would have been on 8-13-02 after several attempts of asking jail management to call my attorney, I never seen or heard from Mr. Daubas until I recieved his letter after he told me he had called and written to me on the day I took the plea agreement. after I had been hurt having to wear a patch over my eye. My only way to contact him was through other inmates. The following week after my eye had healed a little my wife was allowed to see me after she complained after recieving a letter from me by mail.

John Allen, (EXIBT 1) 8-17-02

I received your letters from this past week, yesterday.

I spoke to Sharon Bradford and Harry Sonnemaker on Tuesday, August 13, 2002.

After speaking to Sharon Bradford, I put several calls to Peoria County Sheriff's Office employees and I tried to make an appointment to see you Tuesday afternoon. I was informed you were at a doctor's office receiving treatment for the injury you received last weekend but the jail said they would give you a message to call me. I still haven't received any calls.

As I told Sharon Bradford, Detective Fisher called me back to say he was not conducting an investigation into the incident where you were injured but he had spoken with Superintendent Smith after my call and he said he was told that you had written First Assistant State's Attorney Nancy Mermelstein a letter with some information and she gave it to a Defendant's attorney as discovery. Fisher said the Defendant's attorney apparently gave the letter to the Defendant who is at the County Jail

and he then began to inform other inmates about the letter.

I have never seen the letter and I don't know what was in it. However, as you know, I have attempted several times in the past several months to speak with Nancy Mermelstein about different matters, seeking some assistance for you, and each time I have been informed she was not interested in your cooperation on these matters. I would suggest no further letters to anyone in the States Attorneys Office and that any future attempts to speak to someone from that office be done confidentially and in person with an attorney present for you.

I asked Dot Fisher about your injuries when I spoke to him on Tuesday. He assured me you were not seriously injured and said you were at a doctors appointment that day to be checked over. Obviously, if you received 13 stitches for a wound your injuries were more than what he described.

I saw your request for another hearing for Emergency Medical Treatment. I will prepare a Motion and speak to the witnesses you suggested. We will need to be able to prove you are in need of treatment you are not receiving at the jail for the Motion to have any chance of being successful.

I have not heard back from you on the questions I asked weeks ago of whether you want to appeal the rulings on the bond reduction Motions we have made in the past, and whether you want my assistance to attempt to obtain any psychological or psychiatric records the Department of Corrections may have concerning past evaluations of you. I will take no action on these matters until I hear from you.

I spoke to my employer, Thomas Penn, on Tuesday, August 13, 2002, concerning the matters which took place in Courtroom 210 on Friday, August 9, 2002. He has suggested I continue to represent you for now. But, he also said he would appoint a different Assistant Public Defender if you or I believed that was necessary.

I am willing to continue to work with you on the cases where the Public Defender has been appointed in Courtroom 210. However, I will not participate in any attempts to harass or intimidate the prosecutors in the courtroom, even when the judge is not on the bench and court is not in session.

Enclosed with this letter is a copy of the Grand Jury transcript you mentioned in one letter.

Sincerely,

Bob [illegible]

(Steve Smiths Response AFTER my INJURY ON 8-12-02)

EXIBIT "D"

# INMATE REQUEST FORM

I am interested in, or have a question about:

( ) Programs (GED, Recreation, AA, etc.)
( ) Religious services/counseling
( ) Classification
( ) Inmate Disciplinary Procedures
( ) Department Superintendent of Programs & Services
( ) Jail Chaplain
( ) Services/Classification Director
( ) Department Superintendent of Operations

( ) Other

I want what I'm suppose to get, AND I want my legal Federal Civil Papers Back so I can Send Them Home, IF your officers were smart They would of taken out the carbon paper and left the rest. As They All know I Don't Need Any one To clean my Room. you slipping mr. Smith, or at leaste some one Is, please stop This madness Betwean us AND lets talk. you have to much security To keep Denying me A visit. What can I Do To you in Hand cuffs AND Restraints. your officers not only start Alot of Trouble, They Also Tell everything I want my papers Back; send home.

TO: Steve Smith DATE: 8-13-02

FROM: John Allen CELL BLOCK: G-Spec

COMPLAINT OR PROBLEM: As I HAVE Said To you Before your Fear of Seeing me is The Fear of Hearing THE TRUTH AND you Know This. you say Deal with D.C.S. well None will See me AFTER several Request, Now I go past you To The Sheriff. I'm Being Denied my Rights Such as Notaries, Legal Copies, AND now your 2nd Shift officers Have Taken legal Documents out my cell That I want Back To Send Home. your over looking A lot Mr Smith I've Already gotten Hurt AND No one HAS ASKED How. There's No Reason For me To Be in Restraints leaving my cell AND you know This. I haven't

SIGNATURE: ______ (written) ______ (printed)

Hurt Anyone AND If I Did IT'S Because They provoked me into IT But I know I haven't, Cameras Don't lie mr. Smith As you know. I will say THE Difference Between mike mccoy AND you when He HAD your Job Is He WAS Fair. He Did Not over look or Allow some of These officers To constantly violate Inmates Rights knowing They could Be. now I know you ordered This AND IT'S A plus For me. When I have To leave my cell In Restraints so I can

**RESPONSE**

TO: John Allen DATE: 8-14-02

I'm tired of all of your nonsense. I didn't order anything. Please communicate with a DCS or with ACS McCoy.

NOTE: meeting Held with Rob mccoy IN 2002 Before I.D.O.C. Transfer on 8-22-02, second meeting on eye Injury Also with Rob mccoy AND Sargent Loudaulph Held Almost 14 mos. later at P.C.J. Exhaustion of Remedies WAS Done!

SIGNATURE: [signature] TITLE: Jail Supt.

Continue To play your game for now, But I want what my Rights says I can have, law Library, legal copies when I need Them AND my visits. I was Denied Tues night when my wife came To visit. I'm hurt mr. Smith Isn't That Enough For you or Are you looking For your officers To Really

f:\julie\dataword\forms\form01.doc ( 3M ~ 5/2002 )

Steve Smith's Response To me on other Incidents at the Jail 2 Days Before my Injury

"EXIBIT D" For the Record

These Documents show I made several attempts to talk to Jail officials, He personally states He Beleaves Nothing I Say!

# INMATE REQUEST FORM

I am interested in, or have a question about:

( ) Programs (GED, Recreation, AA, etc.)
( ) Religious services/counseling
( ) Classification
( ) Inmate Disciplinary Procedures
( ) Department Superintendent of Programs & Services
( ) Jail Chaplain
( ) Services/Classification Director
( ) Department Superintendent of Operations

( ) Other

TO: Steve Smith DATE: 8-10-02

FROM: John Allen CELL BLOCK: H-4-6

COMPLAINT OR PROBLEM: Tony Faulkner was Taken from his cell of H-4-1 Tonight By C/O Houk, C/O Blandinburg and C/O Shipp All of seg. Shift. Later on 3RD Shift C/O mccoy Returned this Inmate to his cell I was Told That C/O mccoy smelled very much like liquor and Admitted to Have Been Drinking, To my understanding C/O mccoy said many things About me warning This Inmate That I was trouble. I Had nothing To say or Do with Faulkner's incident will you please instruct C/O mccoy to stop Bad mouthing me something He's Been Doing For months now, I Am also still awaiting your Response on why He was Allowed to put his Hands on me and still Allowed to Be Around me knowing There's a pending case Between The Two of us.

SIGNATURE: ______ (written) ______ (printed)

## RESPONSE

TO: John Allen DATE: 8-12-02

I have no faith in your credibility. You need to communicate with one of the DCS's from now on

SIGNATURE: [signature] TITLE: Jail Supt.

f:\julie\dataword\forms\form01.doc ( 3M ~ 5/2002 )

THIS IS THE DAY AFTER MY INJURY ON 8-12-02 I MADE Several ATTEMPTS TO EXHOUST ADMIN. REMIDIES (BEFORE)

# INMATE REQUEST FORM

"EXIBIT D"

I WANT WHAT I'M SUPPOSE TO GET, AND I WANT MY LEGAL FEDERAL CIVAL PAPERS BACK SO I CAN SEND THEM HOME. IF YOUR OFFICERS WERE SMART THEY WOULD OF TAKEN OUT THE MC BOX PAPER AND LEFT THE REST. AS THEY ALL KNOW I WAIT ... ONE TO CLEAN MY ROOM. YOU ... MR. SMITH, OR AT LEASTE SOMEONE IS. PLEASE STOP THIS MADNESS BETWEEN US AND LETS TALK. YOU HAVE TO MUCH SECURITY TO KEEP DENYING ME A VISIT. WHAT CAN I DO TO YOU IN HAND CUFFS AND RESTRAINTS. YOUR OFFICERS NOT ONLY START ALOT OF TROUBLE, THEY ALSO TELL EVERYTHING. I WANT MY PAPERS BACK SO I CAN SEND THEM HOME.

I am interested in, or have a question about:

- ( ) Programs (GED, Recreation, AA, etc.)
- ( ) Religious services/counseling
- ( ) Classification
- ( ) Inmate Disciplinary Procedures
- ( ) Department Superintendent of Programs & Services
- ( ) Jail Chaplain
- ( ) Services/Classification Director
- ( ) Department Superintendent of Operations
- ( ) Other ______

TO: STEVE SMITH DATE: 8-13-02

FROM: JOHN ALLEN CELL BLOCK: G SEC

COMPLAINT OR PROBLEM: AS I HAVE SAID TO YOU BEFORE YOUR FEAR OF SEEING ME IS THE FEAR OF HEARING THE TRUTH AND YOU KNOW THIS. YOU SAY DEAL WITH D.C.S. WELL NONE WILL SEE ME AFTER SEVERAL REQUEST. NOW I GO PAST YOU TO THE SHERIFF. I'M BEING DENIED MY RIGHTS SUCH AS NOTARIES, LEGAL COPIES, AND NOW YOUR 2ND SHIFT OFFICERS HAVE TAKEN LEGAL DOCUMENTS OUT MY CELL THAT I WANT BACK TO SEND HOME. YOUR OVER LOOKING A LOT MR SMITH. * I'VE ALREADY GOTTEN HURT AND NO ONE HAS ASKED HOW, THERES NO REASON FOR ME TO BE IN RESTRAINTS LEAVING MY CELL AND YOU KNOW THIS. I HAVEN'T HURT ANYONE AND IF I DID IT'S BECAUSE THEY PROVOKED ME INTO IT BUT I KNOW I HAVENT, CAMERAS DONT LIE MR. SMITH AS YOU KNOW. I WILL SAY THE DIFFERENCE BETWEEN MIKE MCCOY AND YOU WHEN HE HAD YOUR JOB IS HE WAS FAIR. HE DID NOT OVER LOOK OR ALLOW SOME OF THESE OFFICERS TO CONSTANTLY VIOLATE INMATES RIGHTS KNOWING THEY COULD BE. NOW I KNOW YOU DO THIS AND IT'S A PLUS FOR ME. WHAT I HAVE TO LEAVE MY CELL IN RESTRAINTS ...

SIGNATURE: ______ (written) ______ (printed)

## RESPONSE

TO: ______ DATE: ______

SIGNATURE: ______ TITLE: ______

CONTINUE TO DENY ME ... BUT ... ONE ... I CAN HAVE ... LEGAL ... TAKE THEM ... RESTRAINTS ... VISIT ... MR SMITH ... ISN'T THAT ENOUGH FOR YOU OR ARE YOU LOOKING FOR YOUR OFFICERS TO ...

**STATE OF ILLINOIS )**
**)SS**
**COUNTY OF )**

**AFFIDAVIT**

**I,** JOHN E. AllEN SR. **do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts:**

EXIBIT (E) IS THE SecoND STEP TAKEN By THIS plainTIFF. AFTER P.C.J. OFFicials Failed To ANSWer ANY OF THE plainTIFFS Request/Complaint Forms used FOR Greivance Purposes AT THE P.C.J. letter By plaintiff was written to Agent (STEVEN GODLOCK) OF I.D.O.C.'s (OFFice OF Jail AND Detention STANDARDS) agent GODlock CAme OUT TO INVESTIGATE The assault MATTER AND THE Jails negligience, This Same agent AlSO INVESTIGATED A previous MATTER Filed By This plaintiff A Month or Two Before AND at THAT Time Found This plaintiffs alligations unFounded, with the exception OF THE BAD Jail ConDitions plaintiff lived IN.

This OFFice IS THE OFFice THAT INMATES Futher There Coplaints To once There Ignored By Jail OFFicails. P.C.J. Grievance proceedure IS NOT like THE I.D.O.C. Grievane Proceedures AND only consist OF THE steps mentioned IN THE P.C.J. HanD Book EnClosed see ExiBIT #2. There For IT IS THE (OFFice OF Jail AND DeTention STANDARDS) THAT INMATES Concerns & Complaints ARE Futher AND Finally Delt with. IN THE plaintiffs second phase OF Exhausting His ADmin. Remidies with THE (OFFice OF Jail AND Detention STANDARDS) agent GODlock states IN His Response To

**Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.**

**Signed on this** 18TH **day of** Febuary **,2005.**

John E. allen Sr.
**Affiant**

This plaintiff THAT (There will Be NO FUTHER, FUTURE INVESTIGATIONS CONDUCTED ON Frivolous accusations or Issues previously INVESTIGATED) Please see LAST Line OF LETTER SENT ~~TO~~ plaintiff By agent goDlock (LABLED EXIBIT(E))

There FORE THis plaintiff DID FULLY EXHAUST His Remidies UNDER P.C.J. HandBook AND TOOK A STEP FUTHER By CONTACTING THE OFFICE OF Jail and DeTention STANDARDS who PASSED There Judgement without ever Talking TO THE plaintiff. Jail Records will show THE LETTER plaintiff wrote TO agent GodLock AND THE COURT should NOTE: THAT THE P.C.J. OFFicials laiD A smoke screen By Asking A Delay IN Discovery By This COURT. Should THE COURT ORDER productions OF Discovery THE COUR will Find THE Jail Liable OF NOT only Failing TO Respond TO plain-TIFFS Many ATTEMPTS TO exhaust, BUT THAT P.C.J. may NOT Be able TO produce CerTain PARTS OF Discovery plaintiff speaks OF Because They either DesTRoyed Them or simply Disregarded Them plaintiffs EXIBITS may NOT Be ReaDable Clearly AFTER Being Copied, BUT Shows THE plaintiffs many ATTEMPTS TO EXhaust, FORTH Comming with THE plaintiffs ANSwer TO THE DeFenDenTS CURRENT MOTION TO Dismiss This COURT will see Responses By Jail SUPT. steve smith TO plaintiff Telling This plaintiff THAT THE plaintiffs Credability means NoThing TO (MR steve smith) AND FOR THE plaintiff TO Deal with lower Jail OFFicials, which Con-TriDicTS what THE P.C.J. HanD Book STATES AS TO what (STEVE smith) STATES IN THAT HanD Book AS TO HOW He HanDles IN-MATE Request & complaint Forms, STATEing He HAS Final Decision ON ANY Jail MATTER, There FOR This plaintiff knowingly knowing (STEVE SMITH) would NOT See Him or speak TO Him, please See Responses From (Jail Sup. steve smith) BOTTOM OF page EXIBITS(D) Request FORM - 8-10-02 SMITH Replys TO JOHN AllEN, *I HAVE NO FAITH IN your Gredibility. you need TO Communicate with one OF THE D.C.S? From Now ON. Request FORM DATED 8-13-02 STEVE SMITH NEVER Re-sponds AT All even AFTER plaintiff STATES He Been HURT one Day AFTER assault ON aug 12, 2002. Request FORM

DATED 8-13-02 (yellow copy) HAS (STEVE SMITHS) Response TO plaintiFFS Request AND ATTempT TO EX-haust ADMIN. Remidies. SMITH STATES, ( I'm Tired OF All your Nonsense, I DIDNT order ANYTHing, please Com-municate with D.C.S. or A.C.S. mcCoy. mr. Smith Fails TO even mention or reply TO INMATE AllENS/plaintiFFS Complaint OF Being HURT. AND again order plaintiff TO TAlk TO someone OF lower AUTHority, again neglecting WHAT His P.C.J. HanBook says.

THis COURT should know THAT There WAS TWO verbal meetings with (Rob mcCoy) SheriFF mike mcCoys BroTHer who IS THE second Jail Sup. UNDER SMITH. mcCoy, IS who STeve smith & mike mccoy sends plaintiff TO TAlk TO.

THE First verbal meeting with Robbie mcCoy Took place IN THE Jail Sargents office IN THE Rear OF THE Jail where Robbie mccoy STATED There would Be No Futher IN-vestigations Done, THis lead TO A second meeting ███ LATER IN Feb. or march of 2004 while plaintiff Returned TO THE Jail ON A COURT writ AND WAS Remanded TO P.C.J. FOR 30 days. again plaintiff met with (Robbie mccoy) IN A ATTempt TO Resolve & exhaust. (SARgent laudalph) WAS present IN THis meeting Also who Also IS A P.C.J. Day Time sargent. plaintiff WAS given same Answer.

The Court should NOT THAT P.C.J.S Grievance proceedure IS Handled DiFFerently AND NOTHing like Grivance proceedures IN THE I.D.O.C. where There ARE BoarDS TO Apeal TO. P.C.J.s Grivance proceedures ARE only Governed By whATS IN THE P.C.J.s Rule Book. where A Request IS written AND THEN Responded TO. AS Shown IN ADDED (EXIBITS) (B) From D.C.S. pear wilson, 8-12-02, EXIBIT (A) TO SARgent koolman # 314, EXIBITS (C) -8-14-02 TO & From (STeve SMITH) AND EXIBIT (A) INCLUDED TO (STeve SmiTH) 8-12-02

Therefor The plaintiff Did exhaust His Remidies AND Futher went on to THE I.D.O.C. office of Jail & Detention STANDARDS who resided only with THE Reports of THE Jail AND MADE Descison with-out ever speaking to plaintiff... THE plaintiff WAS INFormeD AFTER His Transfer to I.D.O.C. on 8-22-04 THAT There would Be No Futher Investigation on This MATTER.

Request & Grievance Forms only require A INMATE TO STATE His or Her complaint AND FOR FACTS AND Findings TO Be INCLUDED LATER IN Discovery AND This plaintiFF DiD This By personally writting to SupT. Smith, mike mccoy, DeT. Fisher Alerting All 3 THAT He'D Been HURT AND NeeDED TO See Some-one. ON 8-13-04 exiBiT(A) Request to Sargent kool-men. koolman Responds He'D contacted Fisher who replied someone would come talk to me. (This IS Day AFTER Assault on 8-12-04 where Fisher WAS WARNED OF THE ASSAULT while Talking to plaintiff privately. When plaintiff Requested THE move 1 hr. BeFORE ASSAULT ON This plaintiff. THE COURT should NOTE THAT Fisher went Directly to Smith on THE SAME Day who Denied plaintiffs move... plaintiff WAS THEN moveD AFTER assault, See EXiBiTS A & B where plaintiffs WAS IN H-4-6 PoD & cell, THEN MOVED ON SAME DAY AFTER assault ON 8-12-02 TO G-special cell, 8-13-04, EXiBiT(D)-8-13-04.

THE ATTached (EXiBiT 1) From plaintiff ATTORNEY (Robert Gaubas) will explain to This COURT WHAT actually went on on 8-12-02. This leTTER WAS written to This plaintiff By plaintiff ATTORNEY AS TO How plaintiff GOT INJured AND why. according to what (STeve Smith) Jail SupT. TOLD DeT. Fisher TO Relay TO plaintiffs ATTORNEY By phone. This leTTER came ABOUT Becouse Jail offials Re-fused to even let This plaintiff speak with His ATTORNEY AFTER THE ASSAULT AND BeFORe.

THIS COURT will AlSO FIND THAT A ORDER ORDERing THE production OF Documents By THE DeFenDents WITH All WRITTEN Request Forms/Complaints, INCiDent Reports, letters TO Jail DeTention STANDARDS OFFice ect, will more Than prove plaintiffs alligations, INCiDent Reports will FUTHER Show THAT THE Jail STAFF & There Reports Tell A ENTiRE DiFFerent STORY AS TO WhAT OCCURED ON 8-12-02 with THis plainTiFF Than whAT (STeve SmiTH) Tells (DeT. Fisher) TO reply TO plainTiFFS ATTORney (Robert Gaubas) see (EXiBiT 1) From DeFenDonTS ATTORney. production OF Documents will FuTHer Show THAT NO County OFFiceR, NURSe, Jail management ect. EVER Ask plainTiFF His siDE OF STORY AS TO How THE ASSAULT came about. WiTH THE EXCEPTION OF, C/O JeFFerey GualanDI & C/O TanyA GiBBS, who were AlerTED By THis plainTiFF, who got plainTiFF TO see DeT. Fisher, IT IS FacT THAT Fisher DiD AleRT Jail SupT. (STeve SmiTH) who orDERD NO FuTHer INvestigation ON THE 8-12-02 assaulT. (please again ReFeR TO leTTER wriTTEN By plainTiFFS ATTORney-Rob Gaubas (EXiBiT 1) plainTiFF AND His acting ATTORNey (Robert Gaubas) DiD exhaust THE avalible RemiDies accorDing TO THE P.C.J. HanBook AND EVEN TOOk FUTHER STeps AND THE COURT ShouID NOTE All OFF THis THAT ReCorDS or wiTNeses will show AS FacTS. THis COURT ShouID NOT THAT with Jail supTs. (STeve SmiTHS) Responses ON THE ENCIOSED Request labIED ExiBITS, THAT THis Jail SupT. AIReaDy HAD A painTED picTURE OF THE plainTiFF AND ReFused TO assist THE plainTiFF IN ANY way, shape, Form, or Fasion... Nor wouID He or Jail officials RespOND, which leaD TO THE Jail DeTention sTanDARDS ComplainT.

THis plainTiFF NOW wishes TO SiTE A Few CASes IN RegaRDS TO His presenTED FacTS IN THis AFFiDaviT. See ADDED page #7...

Respectfully,
John allen

Plaintiff would like to cite a case in support of his affidavit & Decleration he's submitting. In Thomas (v.) Woolum 337 F.3d 720, 2003 Fed. App. 0252P ( cite as: 337 F. 3d 720) United States Court of Appeals, Sixth Circuit, argued aug. 6, 2002, Decided and Filed July 28, 2003.

In Thomas (v.) Woolum, Judge moore, held that. that if jail officials fail to respond or reply or ignore a inmates grivance/Request Form/complaint exhaustion has been completed. He futher held ① A prisoner who has presented a grievance ~~process~~ through one complete process has exhausted avalible administrative remidies under prison litigation reform act (PLRA). As in Thomas (v.) Woolum, in this presiding case plaintiff (John Allen) not only exhausted his remedies before filing his claim (see enclosed exibits (A's)(B's)(D's) & exibits (1),(E) &(2) All enclosed.

Futher the court should note the above case was affirmed by Judge moore and there are several other remanded and affirmed cases to support the above case.

The County Jail of Peoria County has thrown a smoke screen in front of this court in hopes of a dismissal to keep from providing discovery that will support the plaintiffs claim...

Respectfully, submitted, John E. Allen Sr.

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Peoria Division

JOHN E. ALLEN SR.
Plaintiff,

v.

mike mcCoy
Defendant

Case No. 04-1295

**PROOF/CERTIFICATE OF SERVICE**

TO: mike mcCoy, Steve Smith, Detective, Fisher Peoria Co. Jail 301 MAXWELL RD. Peoria IL. 61604

TO: Jefferey Gualandi, Tanya Gibbs, Peoria Co Jail 301 MAXWELL RD. Peoria ILL. 61604

TO: JOHN M. WATERS Clerk of the Court 100 N.E. MONROE Rm. 309 Peoria, IL. 61602

PLEASE TAKE NOTICE that on 2-18-, 2005, I have placed the documents listed below in the institutional mail at Pontiac Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: MOTION TO SUBMIT DECLARATION WITH SUPPORTING DOCUMENTS AND EXIBITS.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: Feb, 18, 2005

/s/ John E. allen Sr.
NAME: JOHN E. ALLEN SR.
IDOC#: B00298
Pontiac Correctional Center
P.O. BOX 99
Pontiac, IL 61764