

**Illinois Department of Corrections**

E-FILED
Thursday, 02 June, 2005 02:50:03 PM
Clerk, U.S. District Court, ILCD

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

Pontiac Correctional Center / 700 W. Lincoln Street / P.O. Box 99 / Pontiac, IL 61764 / Telephone: (815) 842-2816 / TDD: (800) 526-0844

June 1, 2005

FILED
JUN - 2 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

04-1295

United States District Court
Central District of Illinois
Office of the Clerk
Room 305
Federal Building
100 N.E. Monroe
Peoria, IL 61602

Re:   Offender John Allen
      B00298

Gentlemen:

Please be advised that Offender John Allen, B00298, was released from the Pontiac Correctional Center. His last known address is as follows.

718 Mary Street
Peoria, IL 61603

Sincerely,

James Cunningham, Business Administrator
Pontiac Correctional Center

cc: Trust Office
    File; Chron

Date: 1/7/2005
Time: 9:12am

d_entry_tr_furlough_hdr_print

1:04-cv-01295-HAB-JAG    # 46    Page 2 of 6

**Pontiac Correctional Center**
**Trust Fund**

Post Furlough/Restitution

Page 1

| | |
|---|---|
| Date: | 01/07/2005 |
| Inmate: | B00298  Allen, John E. |
| Code: | 73 Court Ordered Fees |
| Vendor: | 60  Clerk-Peoria Central District |
| Invoice Number: | 0008017 |
| Invoice Date: | 01/07/2005 |
| Invoice Description: | Case No. 04-1295/John E. Allen, B00298 |
| Payment Due Date: | 01/07/2005 |
| Beginning Amount: | 150.00 |

**Payment Plan**

Payroll percentage: 20.00%
Reserve Balance: $.00
Instructions:
  20% when account exceeds $10.00

**GL Entry**

Applied Date: 01/07/2005    Fiscal Month: 200507 JAN    User: 20    ID: 17513
Reference: 007420
Description: Furloughs/Restitutions

| Account | | Debit | Credit |
|---|---|---|---|
| 5050-001 | Court Ordered Fees | 150.00 | |
| 2010-001 | Accounts Payable | | 150.00 |
| | Totals | 150.00 | 150.00 |

Case: 1:04cv1295

Re:
John E Allen B00298
PCC
PO Box 99
Pontiac, IL 61764

------

Per Deputy Clerk Connie Lambie - Inmate as of today 1/7/05 has not paid intial partial filing fee

E-FILED
Monday, 01 November, 2004 03:09:04 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

John E. Allen, Sr.        )
                          )
    Plaintiff             )
                          )
vs.                       )
                          )    No. 04-1295
Mike McCoy et al          )
    Defendants            )

A TRUE COPY
ATTEST.
JOHN M. WATERS, CLERK

s/ M. Leininger
DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## SCHEDULING ORDER

The plaintiff, John E. Allen, Sr., an inmate at the Pontiac Correctional Center, submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and sought leave to proceed without prepayment of fees and costs pursuant to 28 U.S.C. § 1915. Although the plaintiff is unable to prepay the entire filing fee, the court ordered the plaintiff to prepay a partial filing fee from his personal trust fund account. The plaintiff has complied with that order. Consequently, the court enters the following scheduling order. See Bryan v. Johnson, 821 F.2d 455 (7th Cir. 1987).

IT IS THEREFORE ORDERED that the plaintiff's petition for leave to proceed without full prepayment of fees and costs is granted.

IT IS FURTHER ORDERED that the United States Marshal serve a copy of the complaint, summons, and order granting leave to proceed in forma pauperis upon the defendants as directed by the plaintiff. All costs of service shall be advanced by the United States.

IT IS FURTHER ORDERED that, with respect to former I.D.O.C. employees who no longer can be found at the work address provided by the plaintiff, the Department of

Corrections shall furnish the marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the marshal. Address information shall not be maintained in the court file, nor disclosed by the marshal.

IT IS FURTHER ORDERED that the plaintiff shall serve upon the defendants (or upon defense counsel once s/he has entered an appearance), a copy of every further pleading or other document submitted for consideration by the court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of any document was mailed to the defendants or their counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be stricken by the court.

IT IS FURTHER ORDERED that the defendants answer or otherwise respond to the plaintiff's complaint within sixty (60) days of the service of process.

IT IS FURTHER ORDERED that this cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on February 10, 2005 at 2:30 p.m., by video conference before United States District Judge Harold A. Baker. The Clerk is directed to give the plaintiff's place of confinement notice of the date and time of the conference call.

IT IS FURTHER ORDERED that counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

IT IS FURTHER ORDERED that the plaintiff immediately notify the court of any change in his mailing address and telephone number. Failure to notify the court of any change in the mailing address will result in dismissal of this lawsuit, with prejudice.

IT IS FURTHER ORDERED that the Clerk is to notify the parties of their option to consent to disposition of this case before a United States Magistrate Judge by providing the plaintiff with a magistrate consent form and accompanying court explanation. Upon receipt of a signed consent from the plaintiff, the Clerk is further directed to forward the consent to the defendants for consideration.

IT IS FURTHER ORDERED that the agency having custody of the plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to the plaintiff's account. The agency must forward payments from the plaintiff's trust fund account to the Clerk of Court each time the plaintiff's account exceeds $10.00 until the statutory filing fee is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $150.00. The Clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

ENTER this 1st day of November, 2004.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE

cc: John E. Allen, Sr.