E-FILED
Tuesday, 12 July, 2005  12:08:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS


JOHN E. ALLEN,
      Plaintiff,

      vs.                                    04-1295

MIKE McCOY, et al.,
      Defendants

<u>ORDER</u>

      This cause is before the court for consideration of the defendants motion to dismiss the complaint [d/e 21] and the various responses filed by the plaintiff. [d/e 30, 35, 36, 37, 38, 39].

      The pro se plaintiff filed this complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Peoria County Jail.  The plaintiff has named five defendants including Sheriff Mike McCoy, Jail Superintendent Steve Smith, Detective Fisher and Jail Officers Tanya Gibbs and Jeffery Gualandi.

      On October 29, 2004, the court conducted a merit review of the plaintiff's complaint and found that he had adequately alleged that the defendants violated his Fourteenth Amendment rights when they were deliberately indifferent to his health and safety as a pretrial detainee. The plaintiff claims his records clearly indicated that he was not to be placed in the general population at the jail for his own protection.  However, the defendants purposely ignored those directives and allowed other inmates to severely beat the plaintiff.  All other claims were dismissed for failure to state a claim upon which relief could be granted.

      Defendants McCoy, Smith and Fisher have now filed a motion to dismiss the surviving claim.

LEGAL STANDARD

      Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim.  It is well established that pro se complaints are to be liberally construed. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), <u>reh'g denied</u>, 405 U.S. 948 (1972).  <u>See also</u> <u>Tarkowski v. Robert Bartlett Realty Co.</u>, 644 F.2d 1204 (7th Cir. 1980).  They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Haines</u>, 404 U.S. at 521.

      When considering whether to dismiss a complaint for failure to state a claim, the court takes the allegations in the complaint as true, viewing all facts and reasonable inferences drawn from those facts in the light most favorable to the Plaintiff.  <u>Bethlehem Steel Corp. v. Bush</u>, 918 F.2d 1323, 1326 (7th Cir.  1990).

1

ANALYSIS

The defendants first argue that the plaintiff has failed to exhaust his administrative remedies as required.  The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  42 U.S.C. §1997e(a).  *See also*  Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532,  (7th Cir. 1999).

In support of their argument, the defendants state that the plaintiff has failed to attach copies of any grievances to his complaint showing that he fully exhausted his available remedies.  The defendants further state that the Seventh Circuit has held that "failure to plead exhaustion of all administrative remedies mandates dismissal of [a] claim." (Def Memo, p.2, citing  Massey v Wheeler, 221 F.3d 1030, 1034 (2000).

 The language cited by the defendants must be read in the proper context. Dismissal was appropriate in Massey only because the plaintiff's failure to exhaust was apparent on the face of the complaint.   The plaintiff in Massey conceded in his complaint that he had not exhausted administrative remedies as required. "[I]t seems clear from the district court's order that the complaint was found to be deficient on its face, without reference to other pleadings or exhibits, and therefore judgment under Rule 12(b)(6) was proper as to Count One." Massey, 221 F.3d at 1034.

The Seventh Circuit further held that all plaintiff must do is "plead the exhaustion of all administrative remedies." Massey, 221 F.d at 1034.  The plaintiff does not have to provide documentation at this stage of the proceedings.  In short, dismissal on the pleadings for failure to exhaust is appropriate only if it is "apparent from the complaint itself" and "unmistakable" that exhaustion did not occur.   Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002)  That is simply not the case before the court.

The plaintiff's complaint is on a standard complaint form and the plaintiff has checked "yes" that he has completed the grievance process. (Comp., p. 2)   This is sufficient. The motion to dismiss based on failure to exhaust administrative remedies is denied.  If the defendants have evidence that the plaintiff did not complete the grievance process, they may submit a well-documented motion for summary judgement laying out the steps in the grievance process at the Peoria County Jail and any actions the plaintiff failed to take.

The defendants next argue that the plaintiff has failed to allege any specific personal involvement by Defendants McCoy, Smith and Fisher.   It is true that an individual is only liable under §1983 only if he or she was "personally responsible for the deprivation of a constitutional right." Sanville v. McCaughtry, 266 F.3d 724, 739 (7th Cir. 2001), *citing* Chavez v. Illinois State Police, 251 F.3d 612, 652 (7th Cir. 2001); Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995).  However, this plaintiff is proceeding pro se.  The court has already conducted a merit review and found that the plaintiff has adequately stated that the defendants were deliberately indifferent to his health and safety

when they put him in contact with other inmates who beat him.   The defendants have been properly notified of this claim.  The defendants will be able to uncover more specific information concerning the alleged actions of these defendants through the discovery process.  The motion to dismiss based on lack of personal knowledge is denied.

The defendants also claim that the plaintiff has failed to state any official capacity claim.   For clarification of the record, it does appear that the plaintiff intends to sue the defendants in their official and individual capacities.  The plaintiff claims certain policies and procedures lead to the inappropriate contact with the inmates who beat him.   The plaintiff has adequately alleged this claim, and the defendants can pinpoint greater detail in the discovery process.

Lastly, the court will not address whether the plaintiff has adequately made a case for punitive damages at this point in the litigation.

## DEFENDANTS

On January 24, 2005, the court ordered the defendants to provide the last known addresses for Defendants Tanya Gibbs and Jeffery Gualandi who no longer work for the Peoria County Jail.  The addresses were provided, but the new summons which were issued did include this new information.

Therefore, the court will order the U.S. Marshals to attempt service of process upon these two defendants once again.  The clerk of the court will be directed to provide new service and summons forms containing the new addresses.

## SCHEDULING

The court will abide by the following scheduling deadlines:

1) The defendants must file an answer to the complaint within twenty-one days of this order.

2) All discovery in this case must be completed by Thursday, December 1, 2005.

3) Any dispositive motions must be filed on or before Thursday, December 15, 2005.

4) A pretrial conference is scheduled for Tuesday, January 17, 2006 at 2:30 p.m. by personal appearance before Judge Harold Baker in Urbana, Illinois.

5) The proposed pretrial order shall be submitted to the clerk of the court on or before Friday, January 13, 2006. The defendants are reminded that they bear the responsibility for the initial preparation of the pretrial order.  However, the proposed order must contain information from both parties.

**IT IS THEREFORE ORDERED:**

3

**1) The defendants motion to dismiss the complaint is denied. [d/e 21].**

**2) The clerk of the court is directed to fill out new service and summons forms for Defendants Jeffrey Gualandi and Tanya Gibbs which include the most recent addresses provided by defense counsel on February 7, 2005.  The U.S. Marshals are to attempt service of process at the new addresses for Defendants Gualandi and Gibbs within the next 30 days.**

**3) For clarification of the record, the plaintiff's claim that the defendants were deliberately indifferent to his serious medical needs is stated against the defendants in their individual and official capacities.**

**4) The court will abide by the scheduling deadlines outlined in this order.**

Enter this 12th day of July, 2005.


**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

4