IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOHN E. ALLEN SR., ) | |
|         Plaintiff, ) | |
| v. ) | |
| ) | Case No. 04-1295 |
| MIKE MCCOY, STEVE SMITH, ) | |
| DETECTIVE FISHER, TONYA GIBBS, ) | |
| JEFFREY GUALANDI, ) | |
|         Defendants. ) | |

**MOTION FOR SUMMARY JUDGMENT**

Now come the Defendants, MIKE MCCOY, STEVE SMITH, and DETECTIVE FISHER by their attorneys KEVIN W. LYONS, State's Attorney of Peoria County, and WILLIAM W. P. ATKINS, Assistant State's Attorney, and pursuant to Federal Rule of Civil Procedure 56(b), moves this Court for Summary Judgment in their favor. In support of this Motion, Defendants state as follows:

**I.    INTRODUCTION**

The Defendants, Mike McCoy, Steve Smith, and Detective Fisher, move for Summary Judgment on the Plaintiff's Complaint. The undisputed evidence shows that the Plaintiff was attacked by other inmates at a time when Mike McCoy, Steve Smith, and Detective Fisher were not present and had no reason to believe that there was any threat of injury to Plaintiff. Peoria County Jail staff took every appropriate action after the attack to provide medical care for Plaintiff. The evidence does not support the Plaintiff's claim of deliberate indifference on the part of Mike McCoy, Steve Smith, and Detective Fisher.

**II.    MATERIAL FACTS CLAIMED TO BE UNDISPUTED**

1.    On August 12, 2002, Plaintiff was housed in H-Pod in the custody of the Peoria    County Jail.

    a.    Plaintiff's Complaint, p. 9.

2. On August 12, 2002, between 6:30 p.m. and 7:30 p.m., Plaintiff was injured in a fight with at least one other inmate.

   a. Plaintiff's Complaint, p. 9.

   b. Exhibit A, Inmate Medical Records, p. 8.

   c. Exhibit B, Inmate Request Form.

   d. Exhibit C, Jail Incident Reports, p. 5 and 9.

3. Plaintiff started the fight by punching Tim Purdle, a fellow detainee at the Peoria County Jail.

   a. Exhibit B, Inmate Request Form.

4. Plaintiff also started fights with Andrew Lehman and Mark Hoover, two other detainees, shortly after the fight with Tim Purdle.

   a. Exhibit B, Inmate Request Form.

5. On August 12, 2002, at approximately 7:30 p.m., Plaintiff refused medical treatment.

   a. Exhibit D, Requests for Admission, paragraph 2.a.

   b. Exhibit A, Inmate Medical Records, p. 8.

   c. Exhibit C, Jail Incident Reports, p. 7

6. On August 12, 2002, at approximately 9:30 p.m., Plaintiff again refused medical treatment.

   a. Exhibit D, Requests for Admission, paragraph 2.b.

   b. Exhibit A, Inmate Medical Records, p. 7.

7. On August 12, 2002, at approximately 10:50 p.m., Plaintiff caused further injury to his eye by striking his head against his cell door.

   a. Exhibit D, Requests for Admission, paragraph 2.c.

   b. Exhibit A, Inmate Medical Records, p. 6.

8. On August 12, 2002, at approximately 10:55 p.m., Plaintiff was transported to the medical facilities at the Peoria County Jail.

      a.      Exhibit D, Requests for Admission, paragraph 2.d.

      b.      Exhibit A, Inmate Medical Records, p. 6.

      c.      Plaintiff's Complaint, p. 9.

9. Some time between 11:45 p.m. on August 12, 2002 and 1:30 a.m. on August 13, 2002, Plaintiff was transported to Methodist Medical Center Emergency Room where he received further treatment.

      a.      Plaintiff's Complaint, p. 9.

      b.      Exhibit A, Inmate Medical Records, p. 4-6.

10. Medical personnel continued treating the Plaintiff at the Peoria County Jail on August 13, 2002.

      a.      Exhibit A, Inmate Medical Records, p. 1-3.

### III. APPLICABLE LAW

When there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law. F.R.C.P. Rule 56. Although the facts must be reviewed in the most favorable light to the non-moving party, the Court should "draw only reasonable inferences, not every conceivable inference." (*Devalk Lincoln Mercury, Inc. v. Ford Motor Co.,* 811 F.2d 326, 329 (7th Cir. 1987)). A "metaphysical doubt" concerning a fact issue is insufficient to prevent the grant of Summary Judgment and the non-movant has not presented a genuine issue if the record in its entirety would not persuade a rational trier of fact to find for the non-movant. (*Outlaw v. Newkirk,* 259 F.3d 833, 837 *(*7th Cir. 2001)).

The standard in a §1983 action alleging failure to protect an inmate from the attacks of other inmates is two pronged. "First, the danger to the inmate must be objectively serious, posing a substantial risk of serious harm. Second, the prison official must have a sufficiently culpable state of mind – one of 'deliberate indifference' to inmate health or safety." (*Haley v. Gross*, 86 F.3d 630, 640-41 (7th Cir. 1996)). Claims of

convicted persons and pretrial detainees are analyzed under the same objective and subjective components of deliberate indifference applicable under the Eighth Amendment. (*Henderson v. Sheahan*, 196 F.3d 839, 844-45 (7th Cir. 2000)). To show deliberate indifference on the part of a correctional officer, the Plaintiff must show that the correctional officer "*actually knew* of a substantial *risk* that [another inmate] would seriously harm him," *Haley v. Gross,* 86 F.3d at 641 (italics in original).

The standard to determine whether the level of medical care given to a pre-trial detainee violates the Constitution is also that of deliberate indifference (*Salazar v. City of Chicago*, 940 F.2d 233, 238-239 (7th Cir. 1991)). As in "failure to protect" lawsuits, the officers must have been aware of a substantial risk of serious harm to the Plaintiff and consciously disregarded it (*Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)).

A local governmental entity, such as a sheriff, is liable only when the Plaintiff can show that the government adopted a policy or custom that played some part in the alleged constitutional violation (*Fiorenzo v. Nolan*, 965 F.2d 348, 350-351 (7th Cir. 1992); *Kentucky v. Graham*, 473 U.S. 159, 166, 87 L.Ed.2d 114, 122, 105 S.Ct. 3099 (1985)). The claims against the officers in their official capacity are actions against the governmental entity (*Monell v. Dept. of Social Services*, 436 U.S. 658; 56 L.Ed.2d 611, 98 S.Ct. 2018 (1978)). If the individual officers are not liable, then the government is not liable (*Tesch v. County of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998)).

IV. **ARGUMENT**

In analyzing Plaintiff's claims under §1983 we must first examine the objective aspect, whether there was a substantial risk of serious harm. The Plaintiff claims that he has "suffered injuries to his left ear, his left shoulder, and his left eye where he recieved (sic) 14 stitches and permanent damage to this plaintiffs body parts, and what may appear to be a blinded left eye where serious damage of the optic nerve has been

found." (Plaintiff's Complaint, p. 9). Although these claimed injuries were caused by other inmates attacking the Plaintiff, he apparently alleges that Defendants did not secure medical care in a timely fashion, thereby causing him to suffer needlessly. (Plaintiff's Complaint, p. 9). The medical records from the treatment he received the same day as the injuries do not reflect that his injuries were as severe as he alleged in his Complaint. The injury to his eye was not gapping until he further injured himself by striking his head against the door of his cell at approximately 10:50 p.m. on August 12, 2002 and none of Plaintiff's other claimed injuries have been substantiated by any further evidence. (*See* Ex. A, Inmate Medical Records). Additionally, Plaintiff refused medical treatment on more than one occasion after the alleged injuries occurred, which clearly shows that the Plaintiff did not believe that his injuries needed medical attention. (Ex. A, Inmate Medical Records, p. 7-8; Exhibit D, Requests for Admission, paragraphs 2.a. and 2.b.).

In this situation, the Plaintiff clearly did not require immediate medical attention since there was not a substantial risk of serious harm. He had been injured when he lost a fight with another inmate, but not all injuries require immediate attention. The Plaintiff's choice to refuse medical attention is the best evidence that his injuries did not require immediate attention because there was not a substantial risk of serious harm. Defendants could not have been deliberately indifferent to a substantial risk of serious harm if there were no substantial risk of serious harm. (*Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)). The Plaintiff's failure to produce any evidence supporting his claimed injuries further supports a finding by this Court that he was not injured seriously enough to require immediate medical attention. If Plaintiff had been injured to the extent he initially alleged, he would have produced some evidence to support his claim. Instead he failed to respond to any of Defendants' discovery requests.

Plaintiff's failure to respond to the Requests for Admission served upon him by Defendants on October 11, 2005, has the additional effect of admitting each matter for which an admission was requested. (F.R.C.P. Rule 36(a); *U.S. v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987)). In this way, Plaintiff has admitted that he refused medical treatment on august 12, 2002 at 7:30 p.m. and at 9:30 p.m. He has also admitted that he caused the injury to his eye by striking his head against the door of his cell at 10:50 p.m. on August 12, 2002, and that he was taken to Medical at the Peoria County Jail on august 12, 2002 at 10:55 p.m. (Ex. D, Requests for Admission, p.1-2). Plaintiff has presented no evidence demonstrating a substantial risk of serious harm to the Plaintiff if he did not receive medical attention sooner than 10:55 p.m. The evidence shows that the injury necessitating immediate medical attention actually occurred at 10:50 p.m. and Plaintiff was given medical attention within five minutes of that injury.

Plaintiff's refusal of treatment also disproves the allegations as to the subjective element of the deliberate indifference standard. Defendants were told by Plaintiff that he did not want medical treatment. Following his denial of treatment, Defendants waited approximately two hours and again asked him if he wanted treatment. He again refused. Slightly more than an hour later, Defendants observed Plaintiff injuring himself and again offered medical treatment. This time he agreed to accept treatment. (Ex. D, Requests for Admissions, p. 1-2; Ex. A, Inmate Medical Records, p. 4-8). A Plaintiff cannot refuse the medical treatment necessary for diagnosing his illness or injury and then claim his custodians have been deliberately indifferent to his medical needs because they did not treat him for that illness or injury. The Seventh Circuit has stated, "Because [a prisoner] refused to take a reasonably requested confirmatory test that would have led to appropriate treatment, we conclude that he cannot make out a claim for deliberate indifference to his serious medical needs." (*Walker v. Peters*, 233 F.3d 494, 502 (2000)). In this case, Plaintiff prevented the medical personnel from performing any kind

of diagnosis by refusing to even see the medical personnel. Accordingly, his claim for deliberate indifference as to his medical needs fails.

Similarly, Plaintiff has failed to produce any evidence as to the alleged attack by other inmates. Plaintiff has not presented any facts showing any personal involvement or bad motivation by Mike McCoy, Steve Smith, or Detective Fisher in the August 12, 2002 incident. Plaintiff has not alleged that any of these three defendants were present when the fight occurred between Plaintiff and other inmates. Plaintiff alleges only a single action on the part of these three defendants. He alleges that Mike McCoy and Steve Smith ordered that the correctional officers should not allow the Plaintiff to intermingle with other inmates (Plaintiff's Complaint, p. 10). Plaintiff alleges no action, nor any authority to take any action in the Peoria County Jail, on the part of Detective Fisher. These actions alleged by the Plaintiff would constitute the greatest level of protection that could be given him without the personal presence of the Defendants.

Plaintiff has also admitted the authenticity of the Inmate Request form where three other detainees state that he started the fight. (Ex. D, Requests for Admissions, p.1). Since the only evidence before this Court states that Plaintiff actually started the fight, there would be no risk of harm from which the Defendants should have been protecting the Plaintiff. Additionally, if there were a substantial risk of harm, the Plaintiff has alleged that the Defendants did everything that could be reasonably expected of them to protect the Plaintiff. Since the Defendants are not the individuals who actually perform the day to day tasks associated with custody of the inmates, an order to the guards who perform those duties would be the only reasonable way to provide for the Plaintiff's safety. Accordingly, Plaintiff has failed to present any evidence of deliberate indifference to his safety needs by the Defendants.

**WHEREFORE**, for all of the reasons stated above, Defendants Mike McCoy, Steve Smith, and Detective Fisher pray that this Court enter summary judgment in their favor on the Plaintiff's Complaint.

        RESPECTFULLY SUBMITTED,
        MIKE MCCOY, STEVE SMITH and
        DETECTIVE FISHER
        Defendants

        KEVIN W. LYONS
        State's Attorney of Peoria County

        **s/ William W. P. Atkins**
        William Attorney Bar Number: 6228780
        Attorney for Defendants
        Peoria County Courthouse
        324 Main Street, Room 111
        Peoria, Illinois 61602
        Telephone: (309) 672-6017
        Fax: (309) 495-4914
        E-mail: batkins@peoriacounty.org

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOHN E. ALLEN, ) | |
|       Plaintiff, ) | |
| v. ) | |
| ) | Case No. 04-1295 |
| MIKE MCCOY, STEVE SMITH, ) | |
| DETECTIVE FISHER, TONYA GIBBS, ) | |
| JEFFREY GUALANDI, ) | |
|       Defendants. ) | |

### CERTIFICATE OF SERVICE

I, WILLIAM W. P. ATKINS, Assistant State's Attorney of Peoria County, hereby certify that on the 15th day of December, 2005, I caused a true and correct copy of the attached Motion for Summary Judgment to be served upon:

| | | |
|---|---|---|
| John Allen, #B00298 | John Allen | John Allen |
| Pontiac Correctional Center | Peoria County Jail | 718 Mary Street |
| 700 West Lincoln Street | 301 N. Maxwell Road | Peoria, IL 61603 |
| P.O. Box 99 | Peoria, IL 61604 | |
| Pontiac, IL 61764 | | |

by depositing the same in the United States Mail in the Peoria County Courthouse, Peoria, Illinois, postage fully prepaid and addressed as aforesaid.

            s/ William W. P. Atkins
            William Attorney Bar Number: 6228780
            Attorney for Defendants
            Peoria County Courthouse
            324 Main Street, Room 111
            Peoria, Illinois 61602
            Telephone: (309) 672-6017
            Fax: (309) 495-4914
            E-mail: batkins@peoriacounty.org

WPA/04/FIELDSsummaryjudgment/plf